Argued March 1, affirmed April 2, petition for rehearing denied
April 24, petition for review denied July 17, 1973

STATE OF OREGON, *Respondent, v.* MERTEN
WADE DAVIS (No. 38795), *Appellant.*

508 P2d 471

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*Brian R. Barnes,* Deputy District Attorney, Roseburg, argued the cause for respondent. With him on the brief was Doyle L. Schiffman, District Attorney, Roseburg.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

Defendant appeals from conviction of first-degree theft. ORS 164.055. Defendant poses two questions: (1) whether the state should have been required to elect the manner in which it would attempt to prove how theft was committed under the indictment, and (2) whether it is necessary to allege requisite intent in the indictment under Oregon's larceny statutes. The pertinent parts of the indictment are:

> "The said MERTEN WADE DAVIS on or about the 16th day of January A.D. 1972, in the said County of Douglas and State of Oregon, then and there being, did knowingly commit theft of property, to-wit: one 1972 Jeep Universal, Identification No. J2F835TH03085, Oregon Dealer Plate 351-A, of the total value of more than Two Hundred Dollars ($200.00), the property of Roseburg Motor Company * * *."

The second question is adequately answered in our opinion in *State v. Jim/White,* 13 Or App 201, 508 P2d 462, Sup Ct *review denied* (1973).

With reference to the first question, the court did require the state to elect which theory, that is, which subsection of ORS 164.015 it was proceeding under at the close of the state's case. That decision had no effect upon the outcome of the case. The choice was between "appropriating" the jeep or "receiving" it. While the ruling of the trial court did not prejudice the appealing defendant, we point out that it was erroneous under our holding in *State v. Jim/White,* supra, that "theft" constitutes a single offense that

may be committed by any one of several methods. *State v. Reyes,* 209 Or 595, 303 P2d 519, 304 P2d 446, 308 P2d 182 (1957), holds that in such a situation there is nothing for the state to elect. The case can go to the jury on either theory because there is only one crime for which the defendant can be convicted. *State v. Reyes,* supra, 209 Or at 622-33.

Affirmed.