Argued July 9, affirmed December 14, 1973

# STATE OF OREGON, *Respondent, v.* JEFFREY EDWARD FITZGERALD, *Appellant.*

516 P2d 1280

*John K. Hoover,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on

the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General.

McALLISTER, J.

Defendant was charged in a single indictment with escape from custody and with the unauthorized use of a vehicle. His timely attempts to have the two offenses severed for trial were denied and he was convicted on both counts and sentenced to a five-year prison term for each offense. The sole issue on appeal is whether the two offenses were properly joined for trial.

The evidence concerning the escape established that at about 4:30 a.m. on June 6, 1972, defendant escaped from the Yamhill County jail in McMinnville where he was being held in custody. At about 9 o'clock, a.m., a jailer discovered the absence of defendant and one Gerald Cooley, who had escaped with him. The men had sawed the bars of their cell and climbed to the roof through a ventilating duct. The escape was completed when the men jumped from the roof and left the vicinity.

The evidence concerning the unauthorized use of the vehicle established that an MGB vehicle owned by Sue Ann Sayers was taken without her consent from in front of her home in Newberg sometime after 11 p.m. on June 6. At about 6 o'clock, a.m., on June 7, the owner of the Flying M Ranch in Yamhill county saw the car driven onto his ranch and parked near his horse corral. He later saw defendant asleep in the driver's seat of the car with Cooley asleep beside him. The rancher called the police who took the two men into custody.

The indictment charged the defendant with both offenses in separate counts as follows:

INDICTMENT
ORS 162.155
ORS 164.135

## "COUNT I

"The said Jeffrey Edward Fitzgerald, on or about the 6th day of June, 1972, in the County of Yamhill, State of Oregon, then and there being, did then and there knowingly and unlawfully escape from the Yamhill County Jail, a correctional facility; said act of defendant being contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Oregon.

## "COUNT II

"As part of the same transaction as contained in Count I herein, the said Jeffrey Edward Fitzgerald, on or about the 7th day of June, 1972, in the County of Yamhill, State of Oregon, then and there being, did then and there knowingly and unlawfully operate and ride in a vehicle, to-wit: a 1965 MGB, Oregon License No. JBX-035, the property of Sue Ann Sayers, without the consent of the owner thereof, the said Sue Ann Sayers; said act of defendant being contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Oregon."

This case is controlled by ORS 132.560, which reads as follows:

"The indictment must charge but one crime, and in one form only, except that:

"(1) Where the crime may be committed by the use of different means, the indictment may allege the means in the alternative.

"(2) When there are several charges against any person or persons for the same act or transaction,

instead of having several indictments, the whole may be joined in one indictment in several counts; and if two or more indictments are found in such cases, the court may order them to be consolidated."

Defendant originally demurred to the indictment on the ground that it charged more than one crime contrary to ORS 132.560 (2) in that the separate charges were not "for the same act or transaction". The demurrer was overruled.

At the outset of the trial the defendant moved for a mistrial because of the alleged misjoinder and in the alternative that the state be required to elect between Count I and Count II of the indictment. Both motions were denied. After the state had rested, the motion for a mistrial was renewed and again denied. The overruling of the demurrer and the overruling of the motion to elect and the motions for a mistrial are all assigned as error by defendant.

Prior to 1933, ORS 132.560 permitted an indictment to charge but one crime, and in one form only. Section 2 of ORS 132.560 as quoted above was added by Chapter 40, Oregon Laws 1933, and permits the joinder of several charges "for the same act or transaction."

■ It may be well to point out that our legislature, in adopting section two of ORS 132.560 clearly intended to narrowly limit the circumstances under which joinder would be allowed. The original bill, House Bill 277, was broadly drawn to permit joinder:

"* * * when there are several charges against any person, or persons, for the same act or transaction, *or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses which*

*may be properly joined,* instead of having several indictments, the whole may be joined in one indictment in several counts; and if two or more indictments are found in such cases, the court may order them to be consolidated. * * *" (Emphasis added.)

The language emphasized above, which is common in the statutes of other states, was deleted and the act passed in the narrow form quoted supra.

According to Appendix A, Standards Relating to Joinder and Severance, ABA Project on Minimum Standards for Criminal Justice (Approved Draft, 1968), only two other states have rules as narrow as Oregon's "same transaction." Iowa Code Ann § 773.37 (1966) allows joinder of "compound offenses where in the same transaction more than one offense has been committed." Illinois Ann. Stat. c. 38 § 111-4 (1963) allows joinder of offenses based on "two or more acts which are part of the same comprehensive transaction."

The Oregon approach then is not to join whenever possible and then sever if prejudicial to the defendant, but, rather, to strictly limit joinder in the first place.

*State v. Huennekens,* 245 Or 150, 420 P2d 384 (1966), was the first case dealing with ORS 132.560, as amended in 1933. The holding in that case decided only that the court did not err in overruling defendant's demurrer to the indictment. The court said:

"This is the first multiple count indictment case to reach this court since the statute was amended. And in this case it is only necessary to decide if the demurrer should have been sustained. Consequently, it is not necessary now to attempt to answer the more abstract question of the definitional limits of 'the same act or transaction.' The decisions indicate

it is not possible, in any given case, to find an ultimate definition.

"For our immediate purpose here it is sufficient to say that the idea permeates the cases that to be joined the charges must relate to conduct or acts that are concatenated in time, place and circumstances and that the evidence of one charge would be relevant and admissible with the evidence of other charges. * * *" 245 Or at 152.

Unlike *Huennekens,* it is necessary in this case to determine the meaning of "the same act or transaction," at least as applied to the facts of this case. At the outset we believe the standard for joinder as stated in the second paragraph of the above quotation from *State v. Huennekens* is inaccurate insofar as it deals with the admissibility of evidence.

Under ORS 132.560 two charges may be joined if they are closely linked in time, place and circumstance. If the charges are joinable under that basic statutory test no further inquiry need be made. If there is doubt whether the charges are so closely linked as to be joinable the evidence test may be helpful. It is obvious that if the charges are so closely linked that a complete account of one charge cannot be related without relating details concerning the other charge, the two are so closely linked in time, place and circumstance as to be joinable.

On the other hand, the mere fact that in the trial of one charge evidence of another crime is admissible, does not make the two offenses joinable. As a general rule evidence of criminal acts other than the one for which the accused is being tried is not admissible, but there are many exceptions to that general rule. Mc-Cormick on Evidence (2d ed, 1972) § 190, lists 10 such exceptions with the warning that the list is not complete.

The fact that under one or more of the exceptions to the general rule evidence of one crime is admissible in the trial for another crime does not authorize the joinder of the two crimes for trial.

■ We hold that the two charges arise out of the same act or transaction if they are so closely linked in time, place and circumstance that a complete account of one charge cannot be related without relating details of the other charge. The rule as thus stated will be sufficient to dispose of this case and we need attempt at this time no further definition of the statutory meaning of the same act or transaction.

■ We turn to the application of ORS 132.560 to this case. In view of the allegation in the indictment that the unauthorized use of the vehicle was a part of the same transaction as the escape, we think the trial judge properly overruled the demurrer. *State v. Huennekens,* supra. However, we think the court erred in not requiring the state to elect when it became apparent that the two offenses were not part of the same transaction. The unauthorized use of the vehicle took place at least 15 miles away and 16½ hours after the escape was completed so that the two transactions were clearly not closely linked in time, place and circumstance. The evidence of the unauthorized use of the vehicle did not tend in any way to prove the escape. In addition, a complete account of the details of each offense could be related without the necessity of relating any details of the other charge. It is clear, therefore, that the two charges were not joinable under ORS 132.560.

However, because of the singular nature of this case, we find that defendant was not prejudiced by the erroneous joinder or failure to segregate the

charges for trial. The reasons why improper joinder sometimes results in prejudice are fully discussed in the legal literature and it is not necessary to try to classify and list them in this opinion. See *Drew v. United States,* 331 F2d 85, 88 (DC Cir 1964); Amsterdam, Segal, and Miller, Trial Manual for the Defense of Criminal Cases (1971), §§ 259-264; 41 Temple Law Q 458, 462, Comment: *Joinder of Counts as a Violation of an Accused's Right to Remain Silent* (1968).

In this case the evidence proving the escape charge was so conclusive that the failure to sever could not have been prejudicial on that count. The evidence about the unauthorized use of the vehicle did not increase the probability of a guilty verdict on the escape charge, which was a foregone conclusion.

Whether there was prejudice in connection with the vehicle charge is a closer question. However, on a separate trial on the vehicle charge evidence of the escape charge would have been admissible to show motive for using the vehicle. Under these circumstances, we conclude that from a practical standpoint there was no prejudice in denying a separate trial of the vehicle charge.

■ One reason for requiring severance for trial of separate charges is that the defendant might be embarrassed in presenting defenses which differ or which vary in their plausibility and joinder might prevent the defendant from testifying as to one or the other of the charges because if he takes the stand he would then be subject to cross-examination on both. In the present case the defendant was not presented with any such dilemma. When the state completed its case defendant was aware that the escape charge was proved beyond

doubt and that he would not be prejudiced as to the escape charge by taking the stand and testifying that his confederate had the keys to the car and told him that the owner of the car had given his confederate the keys and permission to use the vehicle, or any other exculpatory circumstances that may have existed.[1] Since the escape charge was conclusively proved defendant could not have been prejudiced by telling the jury in detail the circumstances surrounding the taking and use of the vehicle. See *Bradley v. United States,* 433 F2d 1113, 1123-1124 (DC Cir 1969).

Although it will be an unusual case in which misjoinder does not result in prejudice, we find that this is such a case. We therefore affirm the conviction of the defendant on both counts.

---

[1] In this case the car owner testified that a set of keys to the car had been missing from her home for two and one-half weeks before the car was taken. Cooley, who escaped with defendant, testified that he had keys to the car before he got the car.