Argued November 20, 1973, affirmed January 21, 1974

STATE OF OREGON, *Appellant, v.* DOROTHY
LOUISE BROWNE (Nos. C-73-03-0886,
C-73-03-0887), *Respondent.*

517 P2d 1224

*W. Michael Gillette,* Solicitor General, Salem,
argued the cause for appellant. On the brief were Lee

Johnson, Attorney General, and John W. Osburn, former Solicitor General, Salem.

*Gabriel E. Berg,* Portland, argued the cause for respondent. With him on the brief was Theodore S. Bloom, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

LANGTRY, J.

This is a state appeal from orders of the circuit court affirming orders of the district court dismissing two complaints against defendant. The complaints were uniform traffic citations for DUIL (ORS 483.992 (2)) and driving with .15 per cent or more of alcohol in the blood (ORS 483.999) growing out of the same facts. After several other procedural steps had been taken in district court, defendant moved for separate trials. The motion was granted and the state thereupon refused to proceed in either case. Defendant moved in each case to dismiss, the motions were granted and under the provisions of ORS 157.080 and 157.020 (2) (a) the state appealed to circuit court in each case. The circuit court affirmed and the state appealed to this court.

At the circuit court level the state argued that, since the two charges arose out of the same act or transaction, joinder was made mandatory by *State v. Brown,* 262 Or 442, 497 P2d 1191 (1972). The court below held that the defendant's motion for separate trials acted as a waiver of any double jeopardy claim under *Brown* and that the granting of the motion for separate trials was within the trial court's discretion.

The circuit court was correct on both points of its ruling. *State v. Sanchez,* 14 Or App 234, 511 P2d 1231, Sup Ct *review denied* (1973) ; *State v. Rook,* 14 Or App 211, 511 P2d 1245, Sup Ct *review denied* (1973) ; *State v. Eusted,* 12 Or App 351, 507 P2d 60 (1973). *Cf. State v. Fitzgerald,* 267 Or 266, 516 P2d 1280 (1973).

On appeal the state contends that the district court abused its discretion when it granted the defendant's motion for separate trials. Among the circuit court's conclusions of law was:

"* * * * *

"3. In the absence of any showing that the District Court otherwise abused its discretion in granting separate trials, the refusal of the state to then proceed to trial was cause for dismissal of the prosecution * * *

"* * * * * *."

█ The state failed to make a record by which we could review the district court's exercise of its discretion for possible abuse. We do not know what reasons defendant may have asserted for wanting separate trials, and it is quite possible some such reasons have validity. We have nothing to review and the judgment below should be affirmed. *Cf. State v. Ledford,* 14 Or App 625, 514 P2d 564 (1973) ; *State v. Foltz,* 14 Or App 582, 513 P2d 1208, Sup Ct *review denied* (1973).

Affirmed.