Argued December 20, 1973, reversed and
remanded January 28, 1974

# STATE OF OREGON, *Respondent, v.* BRUCE GREGORY BISHOP (Nos. 73-0566, 73-0567), *Appellant.*

518 P2d 177

*David Jensen,* Eugene, argued the cause and filed the brief for appellant.

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

SCHWAB, C. J.

In each of two indictments defendant was charged with first-degree theft. ORS 164.055 (1)(a).[1] One indictment alleged defendant had committed theft of several hundred books from the University of Oregon Library; the other alleged he had committed theft of several hundred books from the Eugene Public Library. The state moved to consolidate the indictments for trial on the ground that the "state's evidence in each case regarding defendant's guilt will be the same, except as to testimony concerning ownership." The state's motion was granted over defendant's objection. A jury found defendant guilty of two counts of the lesser-included offense of second-degree theft. ORS 164.045 (1).[2] The dispositive issue presented by defendant's

---

[1] "(1) A person commits the crime of theft in the first degree if, by other than extortion, he commits theft as defined in ORS 164.015; and

"(a) The total value of the property in a single or aggregate transaction is $200 or more * * *

"* * * * *." ORS 164.055.

[2] "(1) A person commits the crime of theft in the second degree if, by other than extortion, he:

"(a) Commits theft as defined in ORS 164.015; and

"(b) The total value of the property in a single or aggregate transaction is under $200.

"* * * * *." ORS 164.045.

appeal is whether the charges were properly joined for trial. We hold they were not.

The evidence established that a person living in the same house in Eugene as defendant reported to the University of Oregon Library that defendant had a large number of what appeared to be library books. An assistant librarian and a police officer went to that house and seized the books. The next day the person who had first reported the matter took the assistant librarian to Alpine, Oregon, where additional library books were seized from a building defendant used for storage. Police officers then contacted defendant, and he admitted stealing the books that had been seized in his home and in Alpine.

After the trial of this case the Oregon Supreme Court decided *State v. Fitzgerald,* 267 Or 266, 516 P2d 1280 (1973), which involves the question of joinder of charges for trial. The relevant statute reads:

> "When there are several charges against any person or persons for the same act or transaction, instead of having several indictments, the whole may be joined in one indictment in several counts; and if two or more indictments are found in such cases, the court may order them to be consolidated." ORS 132.560 (2).

In *Fitzgerald,* the Supreme Court stated this statute was "clearly intended to narrowly limit the circumstances under which joinder would be allowed," 267 Or at 270, and that the "Oregon approach is * * * to strictly limit joinder * * *," 267 Or at 271. The Supreme Court stated the strictly limited joinder rule to be:

> "We hold that the two charges arise out of the same act or transaction if they are so closely linked in time, place and circumstance that a complete ac-

count of one charge cannot be related without relating details of the other charge * * *." 267 Or at 273.

Applying this rule to the *Fitzgerald* facts, which involved charges of escape and unauthorized use of a car, the Supreme Court concluded:

"* * * The unauthorized use of the vehicle took place at least 15 miles away and 16½ hours after the escape was completed so that the two transactions were clearly not closely linked in time, place and circumstance * * *." 267 Or at 273.

Oregon law on joinder of charges in criminal trials has recently undergone some radical changes. *State v. Brown,* 262 Or 442, 497 P2d 1191 (1972), abandoning the traditional "same evidence" test, requires, as a matter of constitutional law, that charges arising from the "same act or transaction" ordinarily be tried together. *Fitzgerald,* interpreting a statute that permits joinder of charges arising from the "same act or transaction," states that this standard strictly limits permissive joinder. *Fitzgerald* does not state whether the definition of "transaction" for purposes of the joinder statute is the same as the definition of "transaction" for purposes of the constitutional rule of *State v. Brown,* supra. This area is further complicated by the provisions of the new code of criminal procedure that require a single prosecution for offenses committed as part of a "criminal episode." Oregon Laws 1973, ch 836, §§ 27 (2) and 26 (4). Also, *State v. Leverich,* 14 Or App 222, 511 P2d 1265 (1973), which involved joinder issues, is at this time pending on review in the Oregon Supreme Court.

■ In *State v. Sanchez,* 14 Or App 234, 511 P2d 1231, Sup Ct *review denied* (1973), we stated:

"We appreciate that standards like "closely

linked" are somewhat subjective. Therefore, we believe that district attorneys would be well advised to resolve doubt concerning whether charges they wish to press were part of a single transaction in favor of joining all such charges in a single indictment or in separate indictments that they promptly move to consolidate for trial."

In light of *Fitzgerald,* and the generally unsettled nature of Oregon law on joinder, it might instead be wiser for prosecutors to obtain separate indictments and then make a timely pretrial motion to consolidate the charges for trial. Such a device would require a defendant to make an election as to whether he wants a single trial or separate trials. Such an election would usually either constitute a waiver of *Brown* rights to a single trial, or waiver of *Fitzgerald* rights to separate trials.

Likewise, trial judges would be well advised to resolve doubts in favor of the defendant's position in such a situation.

■ Turning to the joinder problem in this case, there is no evidence that the books taken from *both* libraries constituted a single transaction, within the *Fitzgerald* definition, for purposes of the joinder statute, ORS 132.560 (2).[9] There was no evidence about the distance between the libraries. There was no evidence about when the books were taken, other than

---

[9] In this case, it was apparently the state's theory, in charging two counts of first-degree theft, that all books taken from *each* library constituted a "single or aggregate transaction" for purposes of ORS 164.055 (1)(a), n 1, supra. No question was raised about the validity of this theory. *But see,* State v. Barnes, 14 Or App 23, 511 P2d 1235 (1973), which must now be read in light of State v. Fitzgerald, 267 Or 266, 516 P2d 1280 (1973).

defendant's confession from which it could be inferred they were taken over a period of many years. The charges in this case have not been proved closely enough linked in time, place and circumstances to be tried together over defendant's objection.

*Fitzgerald* apparently contemplates that evidence will always be available concerning the time, place and circumstances of all the crimes a person has committed. This case indicates that such an expectation might not always be realistic. Here, the state found defendant in possession of hundreds of stolen library books. Aside from the inferences that can be drawn from defendant's confession, for all the prosecution knew, defendant carted them all away one night in a truck, or took one every day for years. In any event, *Fitzgerald* requires evidence of a close link in time, place and circumstances before different charges can be tried together. If the prosecution lacks such evidence, the only alternative, under *Fitzgerald,* is to have separate trials on the different charges even though, as the state's motion to consolidate in this case stated, "it would work unnecessary hardship on the state's witnesses to appear twice."

Since, following remand, the state will be entitled to retry defendant—in two trials—we note another assigned error. Defendant moved for a new trial on the grounds that: (1) there was no evidence that the crimes were committed within the two-year misdemeanor statute of limitations, ORS 131.110 (3)— since defendant was indicted February 8, 1973, this raised the question of whether there was evidence the crimes were committed after February 8, 1971; and (2) there was no evidence the crimes were committed

after the effective date of the new criminal code, i.e., "after January 1, 1972," ORS 161.035 (1).④

If the state had been proceeding on the theory that defendant committed theft by receiving, these contentions would not have been well founded, since the evidence was that defendant was in possession of the stolen books in December 1973. However, although not required to do so, *State v. Davis,* 13 Or App 225, 508 P2d 471, Sup Ct *review denied* (1973), the state elected to have the jury instructed the theft was committed by defendant's taking the books from the libraries.⑤ Given this election, both contentions made

---

④ Defendant's contentions raised in the motion for new trial may not have been timely. Whether there was evidence that the crimes were committed within the two-year statute of limitations could have been raised when the trial court instructed on the lesser-included offense of second-degree theft. Whether there was evidence that the crimes were committed after January 1, 1972, could have been raised by way of motion for judgment of acquittal. However, we need not decide whether these issues were raised in a timely manner because even assuming they were, the only relief prayed for was a new trial, and we have already held defendant entitled to new trials on grounds of misjoinder.

⑤ Apparently the state's election to proceed on theory of theft by taking was based largely on having defendant's confession that he had, in fact, taken library books. Also, it can be inferred from the record that the state may have been concerned about possible venue problems if they proceeded on a theft-by-receiving theory, because some of the stolen goods were recovered in Alpine, in Benton County. However, venue would have been proper in both Lane and Benton counties. State v. Boucher, 13 Or App 339, 509 P2d 1228 (1973).

Yet another possibility is that the state was concerned about the applicability of the rule of State v. Carlton, 233 Or 296, 378 P2d 557 (1963), that a thief cannot receive property from himself. In spite of our reference to this rule in State v. Dechand, 13 Or App 530, 511 P2d 430 (1973), we believe it is an open question whether this rule continues to accurately state the law in light of the consolidation of stolen-property offenses in the new criminal code.

by defendant's motion for a new trial appear to have some merit.[©]

A police officer, testifying about defendant's oral confession, paraphrased defendant as stating he started taking books from libraries "back as far as in junior high school and followed this pattern through high school and after high school in 1969, I believe is when he started taking these books on a regular basis in larger quantities." A librarian from the Eugene Public Library testified that one book found in defendant's possession had been "missing since December, 1971," although in context it is not clear whether this is a reference to the date the book disappeared or the date it was discovered missing. Basing any conclusion on when defendant took the books from the rest of the evidence would have been sheer speculation.

We assume that the libraries' written records, not produced in defendant's trial, would have been available to establish with reasonable certainty the dates upon which the books were taken.

Reversed and remanded.

---

[©] At trial defendant moved for judgment of acquittal on the grounds that there was no evidence the thefts were committed within the three-year felony statute of limitations, ORS 131.110 (2). Since defendant's conviction for the lesser-included misdemeanor constitutes an acquittal on the felony charges, see, ORS 136.650, this contention is now moot.