Argued July 19, affirmed in part; reversed in part October 7,
reconsideration denied November 13, petition for review
allowed December 17, 1974

STATE OF OREGON, *Respondent*, *v.* SAM
STEVEN ROACH (Nos. 73 2499, 73 2650),
*Appellant.*
526 P2d 1402

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Fort and Tanzer, Judges.

TANZER, J.

On June 20, 1973, defendant was indicted for possession of a stolen motor vehicle. He was thereafter identified as the person who had earlier kidnapped the victim and robbed him of his car. On June 29, 1973, defendant was charged by a second indictment with robbery and kidnapping.[1] Pleas of not guilty were

---

[1] A third count charging theft was abandoned.

entered to all the charges and the two indictments were separately set for trial.

On October 9, 1973, a deputy district attorney notified defendant's attorney of the state's intention to move for consolidation of the two indictments. Defendant's attorney replied that he would oppose any such consolidation. Later the same day defendant's attorney notified the docket clerk of the circuit court that defendant wished to change his plea to guilty on the charge of possession of a stolen motor vehicle. The docket clerk in turn notified the deputy district attorney handling the case.

On October 10, 1973, defendant changed his plea to guilty on the possession charge. In response to questioning by the court, defendant's attorney at least implied that the plea would not affect the pending charges of robbery and kidnapping.[2] A different deputy district attorney represented the state at this hearing and the subject of consolidation was not raised. Defendant was subsequently tried and convicted on the second indictment and given consecutive sentences for each of the three crimes alleged in the two indictments. This is a consolidated appeal from both judgments.

■ Since there is no assignment of error asserting the sentence following defendant's guilty plea to pos-

---

[2] At the hearing on the change of plea the following colloquy took place:

"THE COURT: You said this was not a negotiated plea and I take it there's no deal with the D.A.'s office on other charges?

"MR. CHEZ: No.

"THE COURT: Nobody's promised you they'll be dismissed or anything of that kind?

"MR. CHEZ: No, no promises."

session to be excessive, there is no issue for us to review, ORS 138.050, and that judgment is affirmed. Defendant assigns as error the denial of his motion to dismiss the second indictment. Therefore, the problem of the case is the effect of the possession conviction upon the subsequent convictions for robbery and kidnapping.

■ In *State v. Clipston,* 3 Or App 313, 328, 473 P2d 682 (1970), this court quoted with approval *People v. Coltrin,* 5 Cal 2d 649, 660, 55 P2d 1161 (1936):

" '* * * If the act involved in one charge is necessarily involved in the other and is merely incidental to that charge but one offense is committed and it cannot be carved into two offenses * * *.' "

The indictments in this case indicate that possession of the stolen motor vehicle was incidental to and necessarily involved in the robbery of that same vehicle.[9] Possession, therefore, merges into robbery and defendant's single criminal act cannot be the basis for two separate convictions. Therefore the robbery conviction was barred by the possession conviction and it is reversed.

---

[9] Indictment 73 2499 states in pertinent part:

"The said SAM STEVEN ROACH on or about the 12th day of June, 1973, * * * did then and there, wilfully, knowingly and unlawfully have in his possession a stolen 1973 Porsche automobile, * * * the said defendant then and there well knowing said motor vehicle to be stolen * * *."

Count I of Indictment 73 2650 states:

"The said SAM STEVEN ROACH on or about the 28th day of March, 1973, * * * with the intent of preventing and overcoming resistance by Michael Gary Robson to theft of the 1973 Porsche automobile of Michael Gary Robson, did knowingly and unlawfully threaten Michael Gary Robson with the immediate use of physical force by pointing a hand gun, a dangerous weapon, at and toward Michael Gary Robson while the said defendant was then and there engaged in the course of committing theft of said automobile * * *."

■ Had the state desired to prosecute defendant for robbery, the proper procedure would have been to proceed on that charge alone. The prosecution's remedy in this case was dismissal, not consolidation.

■ Possession of the stolen motor vehicle, although factually related in this case, was not necessarily involved in the act of kidnapping[6] and those two crimes do not merge. *State v. Clipston.* We must nevertheless consider whether defendant's conviction for kidnapping was barred under the Supreme Court's decision in *State v. Brown,* 262 Or 442, 497 P2d 1191 (1972).

*State v. Brown* held that separate prosecution of separate charges is prohibited under the double jeopardy clause of the Oregon Constitution[7] if: (1) the charges arise out of the same act or transaction; (2) the charges would have been tried in the same court; and (3) the prosecutor knew or reasonably should have known of the facts relevant to the charge subsequently tried at the time of the original prosecution.

The affirmative of the *Brown* bar against successive prosecutions is a grant to the defendant of an almost absolute right to a consolidated trial of related charges. Conversely, the Supreme Court made clear

---

[6] Count II of Indictment 73 2650 states:

"* * * [T]he said Sam Steven Roach on or about the 28th day of March, 1973, * * * with intent to interfere substantially with the personal liberty of Michael Gary Robson, and without consent or legal authority, did take Michael Gary Robson from the carport of the residence located at 530 River Road, Eugene, Oregon, to a private driveway north off Fleck Road * * *, Eugene, Oregon, for the purpose of terrorizing the said Michael Gary Robson * * *."

The indictment for possession is set out in note 3, supra.

[7] Article 1, Section 12 of the Oregon Constitution provides: "No person shall be put in jeopardy twice for the same offense * * *."

in *State v. Fitzgerald,* 267 Or 266, 516 P2d 1280 (1974), that the defendant is entitled almost absolutely to have consolidated charges severed for separate trials. The combined functional result of *Brown* and *Fitzgerald* is to take from the court and give to the defendant the discretion to try related charges separately or jointly. *See State v. Bishop,* 16 Or App 310, 518 P2d 177 (1974).

■ Here, the defense made its choice. Defense resistance to consolidation of related charges is a clear exercise of tactical choice which constitutes a waiver of any right he may have to consolidate under *Brown. State v. Rook,* 14 Or App 211, 511 P2d 1245, *rev den* (1973). *See also, State v. Browne,* 16 Or App 177, 517 P2d 1224 (1974). This is no less true where the resistance is manifested in communications between counsel, as is shown by the stipulated facts of this case, than where it is done in the more formal setting of open court as in *Rook.*

We hold, therefore, that defendant's motion to dismiss the kidnapping charge of the second indictment based upon his plea of former jeopardy was properly denied.

Therefore, we affirm the judgment based upon the conviction for possession of a stolen motor vehicle (No. 72 2499) and that for kidnapping (No. 73 2650), but reverse the conviction for robbery (No. 73 2650).

Affirmed in part; reversed in part.