Argued January 18, reversed and remanded for new trial February 28,
reconsideration denied March 23, petition for review allowed
September 7, 1977

# STATE OF OREGON, *Appellant,*
### *v.*
# JAMES DENNIS SHIELDS, *Respondent.*
## (Nos. C 76-05-06387 & C 76-05-06388, CA 6671)

560 P2d 690

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Richard Maizels, Portland, argued the cause for respondent. With him on the brief were Maizels & Marquoit, P.C., Portland.

Before Schwab, Chief Judge, and Tanzer and Richardson, Judges.

RICHARDSON, J.

SCHWAB, C. J., dissenting opinion.

## RICHARDSON, J.

This appeal raises the issue of whether the state's motion to consolidate criminal charges made pursuant to our suggestion in *State v. Bishop,* 16 Or App 310, 518 P2d 177 (1974), was timely.

Defendant was charged in two separate traffic citations. First, with driving under the influence of intoxicating liquor, and second, driving with .15% or more alcohol in his blood. A subsequent criminal complaint was filed charging, in two counts, assault in the third degree and resisting arrest. The parties agree the four charges arose out of the same transaction.

The two charges in the criminal complaint were first scheduled for trial at 1:30 p.m. in the district court. The two traffic citation charges were scheduled for trial at a later date. On the morning of the scheduled trial date, the state notified defendant's counsel a motion to consolidate all four charges for trial would be filed. Defendant opposed the motion and the district court denied the motion on the ground it was untimely. Defendant proceeded to trial on the two charges in the criminal complaint and was convicted of one charge.

Subsequently, defendant filed a motion to dismiss the charges contained in the two traffic citations based on the former jeopardy doctrine set forth in *State v. Brown,* 262 Or 442, 497 P2d 1191 (1972). This motion was denied by the district court. Defendant was then convicted of both charges and appealed to the circuit court, where he again moved for dismissal. The circuit court granted the motion. The court found the tardiness of the motion gave the defendant no real choice as to whether to oppose the motion and waive rights assertible under *Brown,* or to concur and be faced with trying additional cases for which he may not be prepared. The court in essence ruled since the motion was untimely, defendant's opposition to consolidation did not waive any rights under *Brown.*

The Oregon Supreme Court in *Brown* held that a defendant's right to be free from unfair and abusive prosecution could only be fully protected under the former jeopardy provisions of Art I, § 12 of the Oregon Constitution if subsequent prosecutions of charges arising out of "the same act or transaction" were barred.

In a subsequent case, *State v. Fitzgerald,* 267 Or 266, 516 P2d 1280 (1973), the Supreme Court was called upon to interpret the permissive joinder provisions of ORS 132.560. The court held joinder of charges arising out of "the same act or transaction" is allowed if the charges are so closely linked in time, place and circumstance that a complete account of one charge cannot be related without relating details of the other charge.

As a result of these two decisions, prosecutors faced a risk of improper joinder under *Fitzgerald* by trying to comply with *Brown.* As a result of the prosecutor's quandary we suggested a procedure for the state to follow when faced with multiple charges involving a defendant.

> "In light of *Fitzgerald,* and the generally unsettled nature of Oregon law on joinder, it might instead be wiser for prosecutors to obtain separate indictments and then make a timely pretrial motion to consolidate the charges for trial. Such a device would require a defendant to make an election as to whether he wants a single trial or separate trials. Such an election would usually either constitute a waiver of *Brown* rights to a single trial, or waiver of *Fitzgerald* rights to separate trials." *State v. Bishop, supra,* at 314.

The uncertainty existing in the law of joinder following *Brown* and *Fitzgerald* was resolved by the Supreme Court in *State v. Boyd,* 271 Or 558, 533 P2d 795 (1975). There the court held the terms "same act or transaction" were synonymous in the two cases. The court, however, saw some difficulty in application of the standards of joinder and reiterated and approved the procedure set forth by this court in *Bishop.*

[ 722 ]

■ Whether the motion is timely filed must be determined in light of its purpose. The purpose of this procedure is to require the defendant to elect whether he wishes joinder or severance of multiple charges. It is not a procedure for the benefit of the state except to remove the risk of an improper joinder decision.

■ In *State v. Leverich,* 14 Or App 222, 511 P2d 1265 (1973), *aff'd* 269 Or 45, 522 P2d 1390 (1974), we determined such a motion must be made prior to the time trial begins on any of the pending charges since once the first trial has begun the prosecutor is powerless to seek consolidation. *See also State v. Fair,* 263 Or 383, 502 P2d 1150 (1972). This being the last time a prosecutor's motion for consolidation can be filed it is timely if filed at anytime prior to trial.

■ Defendant, however, argues such a motion filed on the day of trial prejudices the defendant's right to a fair trial since he must consent to a joint trial for which he is not prepared or object and lose his right to dismissal of the severed charges under *Brown.* We do not understand a defendant's right to be free from multiple prosecutions to also incorporate a right to preserve the conditions which would allow him to seek subsequent dismissal of charges based on the doctrine of *Brown.* If defendant makes a tactical choice to oppose consolidation whatever reason he may have, expressed or undisclosed, he by the objection waives rights accrued under the doctrine of *Brown. See State v. Roach,* 19 Or App 148, 526 P2d 1402 (1974), *aff'd* 271 Or 764, 534 P2d 508 (1975).

■■ Problems which may result to the defendant because of the tactical choice to resist or condone consolidation must be solved in the discretion of the trial court. The drastic remedy of dismissal, under *Brown,* which deprives the public of a right of prosecution should not be used as a means of solving these problems.

Reversed and remanded for new trial.

**SCHWAB, C. J.,** dissenting.

The *Bishop-Boyd* procedure requires a *"timely"* pretrial motion to consolidate separate charges for trial. *State v. Boyd,* 271 Or 558, 568, 553 P2d 795 (1975); *State v. Bishop,* 16 Or App 310, 314, 518 P2d 177 (1974). The majority holds that such a motion "is timely if filed at anytime prior to trial." 28 Or App at 723. I disagree.

The purpose of the *Bishop-Boyd* procedure is to require a defendant facing multiple charges to elect between one or several trials. The defendant's choice of one mutually exclusive alternative constitutes a waiver of any posible right to the other alternative. A waiver of a right "must amount to an intentional relinquishment or abandonment of a known right or privilege." *Church v. Gladden,* 244 Or 308, 312-13, 417 P2d 993 (1966). It is not likely that a defendant confronted for the first time with a motion to consolidate filed on the eve of trial can make an informed and knowledgeable response that constitutes a waiver in this sense.

In *State ex rel Dooley v. Connall,* 257 Or 94, 102, 475 P2d 582 (1970), the Supreme Court held that exculpatory evidence "must be disclosed by the prosecution at such time as will allow the defendant to use it effectively in his own defense." Adapting that approach to the present situation, I would hold that a *Bishop-Boyd* motion to consolidate, to be timely, must be filed at such time as will allow the defendant to make an informed and calculated response. Applying that rule to the present facts, I find myself in agreement with the circuit court's conclusion that a motion to consolidate filed on the eve of trial is not timely. I would affirm.