Argued January 17, affirmed February 13, reconsideration denied
March 29, petition for review denied June 27, 1978

## STATE OF OREGON, *Respondent,*
### *v.*
## HENRYETTA LOUISE GILL, *Appellant.*
### (No. C77-06-08424, CA 9085)
### (No. C77-06-08431, CA 9086)
### (No. C77-07-09988, CA 9087)
### (No. C77-07-09989, CA 9088)
### (Consolidated cases)
574 P2d 691

Robert A. Sacks, Metropolitan Public Defender, Portland, argued the cause for appellant. With him on the brief was Stephen F. Crew, Certified Law Student, Portland.

[ 537 ]

John W. Burgess, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Defendant was charged by grand jury indictments with multiple counts of theft in the first degree by selling (ORS 164.055). At arraignment on the charges defendant's attorney requested successive trial dates. The state neither objected to defendant's request nor made any motion to consolidate the charges for a single trial. Defendant was convicted of theft in the first degree by selling after her first trial. Following her conviction in that trial, she moved to dismiss the remaining indictments on the ground that the state had failed to move to consolidate the cases and was therefore barred from proceeding by the prohibition against double jeopardy. The defendant's motion was denied and she was convicted of theft in the first degree by selling on each of the remaining charges.

On appeal defendant argues that the state's failure to move to consolidate the charges against her prior to the first trial bars subsequent prosecution of the remaining charges. This court and the Supreme Court have repeatedly indicated that the prosecutor, when dealing with multiple indictments against a single defendant, should

> " '* * * obtain separate indictments and then make a timely pretrial motion to consolidate the charges for trial. Such a device would require a defendant to make an election as to whether he wants a single trial or separate trials * * *.' " *State v. Boyd,* 271 Or 558, 568, 533 P2d 795 (1975), quoting *State v. Bishop,* 16 Or App 310, 314, 518 P2d 177 (1974).

The prosecution in this case made no motion to consolidate; however, we assume that this was because the defendant's attorney requested successive trials on the charges against the defendant. The purpose of the *Boyd/Bishop* procedure

> "* * * is to require the defendant to elect whether he wishes joinder or severance of multiple charges. It is not a procedure for the benefit of the state except to remove the risk of an improper joinder decision." *State v.*

[ 539 ]

*Shields,* 28 Or App 719, 723, 560 P2d 690, *rev'd on other grounds* 280 Or 471, 571 P2d 892 (1977).

The defendant elected to demand separate trials on each of the charges against her. The state was not required to urge the defendant to reconsider her election.

Affirmed.