Submitted November 21, 1978, affirmed February 20, 1979

STATE OF OREGON, *Appellant,*

*v.*

MARCIA LOUISE HAGEY, *Respondent.*

(No. 78-07043, CA 11723)

590 P2d 753

J. Pat Horton, District Attorney, and Frank R. Papagni, Jr., Assistant District Attorney, Eugene, filed the brief for appellant.

Robert A. Miller and Lively & Wiswall, Springfield, filed the brief for respondent.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

RICHARDSON, J.

## RICHARDSON, J.

The state appeals an order dismissing a charge of reckless driving on the ground of former jeopardy. The issue is whether the state filed a timely motion to consolidate the reckless driving charge with a charge of driving under the influence of intoxicants (DUII).

On May 5, 1977, defendant was arrested and charged with DUII. The charge of reckless driving was filed on February 24, 1978. The parties agree that both charges arose out of the same episode and could have been tried together.

The DUII charge was set for trial on March 29, 1978. On March 16, 1978, the state filed a motion to consolidate the two charges for trial. The defendant, on March 22, 1978, filed a motion and affidavit objecting to consolidation on two grounds: (1) the motion filed by the state did not contain a supporting affidavit as required by a local court rule; and (2) it was not timely in that it was made after docket call respecting the DUII charge held on March 13, 1978.

On March 24, 1978, five days prior to the scheduled trial on the DUII, the state filed a second motion for consolidation of the charges supported by an affidavit. The state also moved to withdraw the first motion to consolidate on the ground it was improvidently filed.

On March 28, 1978, the court denied the motion to consolidate. Although no reasons were given by the court the motion was apparently denied in response to defendant's objection that it was not timely under the local court rule. The court also denied the state's motion to withdraw the first motion to consolidate the charges.

On the day of trial, March 29, 1978, the state orally moved for consolidation. The motion was denied. The state did not move for a continuance. The defendant was tried and acquitted of the DUII charge. Defendant subsequently moved for dismissal of the reckless

driving charge on the ground of former jeopardy. The motion was granted and the state appeals.

The state's principal argument is that the first motion to consolidate filed 14 days prior to trial, although technically deficient, was sufficient to put defendant on notice that the state was seeking to consolidate the two charges. Additionally the state argues the second motion filed five days prior to trial was timely in light of the fact the defendant was on notice the state would seek consolidation.

When a defendant is charged with two or more offenses which were committed as part of the same transaction or criminal episode, he has the right to insist that all charges be prosecuted in a single proceeding. ORS 131.515(2). Although this right is provided by statute, it is a right of constitutional dimension as a protection against double jeopardy. *State v. Brown,* 262 Or 442, 497 P2d 1191 (1972). This right is enforced by an absolute bar to subsequent prosecutions. *State v. Boyd,* 271 Or 558, 533 P2d 795 (1975). The right to insist on a single prosecution of all charges can be waived by a defendant. Absent a waiver, however, the state is barred from trying defendant on a second charge which arose out of the same transaction or criminal episode. Since the state concedes both charges at issue here arose out of the same criminal episode the remaining issue is whether defendant waived her right to assert former jeopardy.

The dilemma facing a prosecutor in deciding whether to try a defendant on all charges in a single prosecution and risk a reversal because of improper joinder, *State v. Fitzgerald,* 267 Or 266, 516 P2d 1280 (1973), or to sever the charges and risk a claim of former jeopardy, *State v. Brown, supra,* was described in *State v. Boyd, supra.* To relieve the prosecutor of the risks attendant upon his decision the Supreme Court, in *Boyd,* approved the procedure suggested by this court in *State v. Bishop,* 16 Or App 310, 518 P2d 177 (1974).

[ 490 ]

"* * * [P]rosecutors [should] obtain separate indictments and then make a timely pretrial motion to consolidate the charges for trial. Such a device would require a defendant to make an election as to whether he wants a single trial or separate trials. Such an election would usually either constitute a waiver of *Brown* rights to a single trial, or waiver of *Fitzgerald* rights to separate trials." 16 Or App at 314.

The essential issue in this case is whether the motion for consolidation was timely filed under local court rules. The state concedes the local court rules were not followed when the first motion was filed. The state does not contend the applicable local rules are unreasonable.

This motion as well as the second motion for consolidation, filed five days prior to trial, were filed after docket call on March 13, 1978. The evident purpose of the Lane County District Court rule respecting docket call is to require the parties to prepare for trial prior to the docket call and note to the court their readiness to proceed.[1]

In *State v. Shields,* 280 Or 471, 571 P2d 892 (1977), the Supreme Court indicated timeliness of the motion to consolidate should be judged in terms of affording defendant a reasonable opportunity to consider the alternatives and make a deliberate choice. If the state does not move to consolidate the charges a reasonable time in advance of trial the defendant is entitled to

---

[1]Lane County District Court Rule 11.2 states:

"* * * * *

"B. Reporting ready for trial at docket call shall constitute a representration to the court that

"(1) All necessary witnesses have been contacted, and subpoenaed if necessary;

"(2) All necessary exhibits are available; and

"(3) The party is not willing to make any further concessions to the other party concerning disposition of the case."

assume that the state has assumed the risk detailed in *State v. Boyd, supra.*[2]

Here the state and the defendant reported at docket call that they were ready to try the DUII case. In terms of the local court rule, the motions for consolidation came after the time all parties were required to be prepared to try the case. Absent a reasonable excuse for failing to file a motion prior to docket call, under the rule the motion is untimely. The state did not ask for a continuance and offered no reason for the delay in seeking to consolidate the two charges.

Affirmed.

---

[2] In *State v. Shields,* 280 Or 471, 571 P2d 892 (1977), the Supreme Court held defendant did not waive his former jeopardy rights by objecting to the motion to consolidate solely on the basis of its untimeliness. Were it not for that holding, we would conclude, in the circumstances of this case, that defendant waived his former jeopardy rights by objecting to the motion filed fourteen days prior to trial.