Argued and submitted June 17, reversed October 19, 1981

STATE OF OREGON,
*Respondent,*

*v.*

ALBERTA DECOTEAU,
*Appellant.*

(C 80-03-30906, CA 18626)

634 P2d 832

David E. Groom, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief

were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Defendant appeals her conviction of theft in the first degree, ORS 164.055 (theft by receiving stolen property), assigning as error the denial of her motion to dismiss the indictment on grounds of former jeopardy. Or Const., Art I, § 12, and ORS 131.515(2). We conclude the state was barred by ORS 131.515(2) from prosecuting defendant on the theft charge and, therefore, reverse.

The facts are undisputed. Based on information given the police by defendant's brother, David Clure was arrested. He gave the police a statement (which he later recanted) detailing two burglaries in which he, defendant and another person participated on New Year's Eve, 1979. Clure said that the fruits of the burglaries were put in defendant's bedroom. Based on that information, a search warrant was issued to search defendant's house. The warrant was executed on January 2, 1980, and stolen property belonging to three different people was found, including the fruits from the two New Year's Eve burglaries. Defendant was arrested on January 16, 1980, for possession of stolen property.

On January 17, 1980, the district attorney filed an information charging defendant with two counts of first degree theft: one count relating to property stolen in August, 1979, and one count relating to property stolen during one of the two New Year's Eve burglaries. Trial was set for March 19, 1980. Clure, who had been charged with two of the burglaries from which the stolen property was derived, pled guilty and, on March 7, 1980, was sentenced. Prior to his sentencing, Clure had been unwilling to waive his rights against self-incrimination.

On March 14, 1980, Clure was subpoenaed by the grand jury to determine whether he would implicate defendant in the burglaries, thereby justifying indictments against defendant for the two New Year's Eve burglaries. Clure testified on March 14 that he committed the burglaries alone, whereupon the grand jury returned a not true bill as to one burglary; it held the other alleged burglary offense in abeyance to see if Clure would change his testimony during defendant's upcoming March 19 trial on the two counts of first degree theft. At that trial, Clure did

testify, and although his version of the events differed from that which he had given the grand jury, he did not implicate defendant in the burglary offense pending before the grand jury. Defendant was found guilty, on both counts, of second degree theft, being lesser included offenses of the original charges under ORS 164.055.

■    On March 24, 1980, the grand jury, after being apprised of Clure's refusal to implicate defendant in the burglaries, indicted defendant for theft in the first degree by receiving property stolen during the second burglary committed on New Year's Eve. After defendant's motion to dismiss the indictment was denied, she was found guilty of first degree theft.

ORS 131.515(2) provides:

"(2) No person shall be separately prosecuted for two or more offenses based upon the same criminal episode, if the several offenses are reasonably known to the appropriate prosecutor at the time of commencement of the first prosecution and establish proper venue in a single court."

The state does not contend that the charge involved here is not an offense based on the same criminal episode as one of the earlier charges, which would require their joinder, *State v. Brown,* 262 Or 442, 497 P2d 1191 (1972), unless defendant were to opt for separate trials, *State v. Boyd,* 271 Or 558, 533 P2d 795 (1975); *State v. Bishop,* 16 Or App 310, 518 P2d 177 (1974). Its contention is that even though the state had sufficient evidence to charge defendant with the present offense (theft I) at the time it brought the prior theft I charges, it should not be required to defer the trial of the less serious charges until it could determine whether it could obtain sufficient evidence to charge defendant with a more serious offense (burglary) so that defendant could exercise her *Boyd/Bishop* option to have the charges tried together.

■    We conclude that it is required to do so.[1] The present charge is one of several offenses reasonably known to the prosecutor at the time of the commencement of the first prosecution; it falls squarely within ORS 131.515(2).

---

[1] The state could also delay filing all charges until it is satisified as to what charges could be filed.

We need not, and do not, decide what result would obtain if the state *had* obtained sufficient additional evidence subsequent to the first trial to charge defendant with the greater offense. We hold only that, where the second charge brought is the same one that could have been brought and joined for trial with the first charge, the state may not subsequently try the defendant on the second. Defendant's motion to dismiss should have been granted.

Reversed.