No. 53          October 17, 2013          375

IN THE SUPREME COURT OF THE
STATE OF OREGON

STATE OF OREGON,
*Respondent on Review*,

*v.*

HAROLD LEE CAMPBELL,
*Petitioner on Revie*w.

(CC F16027; CA A143237; SC S060046)

On review from the Court of Appeals.*

Argued and submitted November 5, 2012; resubmitted January 7, 2013.

Susan Fair Drake, Senior Deputy Public Defender, Salem, argued the cause and filed the briefs for petitioner on review. With her on the briefs was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Rebecca M. Johansen, Assistant Attorney General, Salem, argued the cause and filed the brief for respondent on review. With her on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Balmer, Chief Justice, and Kistler, Walters, Linder, Landau, and Baldwin, Justices.**

PER CURIAM

The petition for review is dismissed as improvidently allowed.

Walters, J, concurred and filed an opinion.

_____

&ast;   Appeal from Union County Circuit Court, Phillip A. Mendiguren, Judge. 247 Or App 353, 271 P3d 154 (2011).

&ast;&ast;   Brewer, J., did not participate in the consideration or decision of this case.

**PER CURIAM**

The petition for review is dismissed as improvidently allowed.

**WALTERS, J.,** concurring.

This court allowed review in this criminal case to decide whether defendant's prosecution for possession of a controlled substance was barred under Oregon's former jeopardy statute—ORS 131.515(2). Defendant originally was charged in the same indictment with driving under the influence of intoxicants (DUII), reckless driving, and two counts of possession of a controlled substance. When defendant agreed to plead guilty to DUII and reckless driving, the possession charges were dismissed with defendant's agreement that the state could refile them if defendant violated the terms of his probation. However, defendant reserved his right to raise a double jeopardy objection to such a subsequent prosecution. Defendant did later violate the terms of his probation, and the state refiled one of the possession charges. Thus, what was originally intended as one consolidated prosecution on all charges proceeded as two successive prosecutions. This court has determined that those facts are unlikely to arise again in the future and that review was improvidently allowed. I concur in that decision. However, having thought about the issues, I write to alert the bench and bar to the correct standard for deciding when joinder is compulsory under ORS 131.515(2) and to raise an issue about the application of that standard for the legislature's consideration.

Stated simply, the question that this case presents is whether a defendant can be successively prosecuted for DUII and drug possession when the driving and the possession occur simultaneously. The statute that controls the answer to that question is ORS 131.515(2), which provides:

> "No person shall be separately prosecuted for *two or more offenses based upon the same criminal episode*, if the several offenses are reasonably known to the appropriate prosecutor at the time of commencement of the first prosecution and establish proper venue in a single court."

(Emphasis added.)

In this case, the trial court concluded that defendant's alleged drug possession was not part of the same "criminal episode" as his DUII, because "the elements are not the same." In resting its ruling on that reasoning, the trial court erred.

In *State v. Brown*, 262 Or 442, 497 P2d 1191 (1972), this court considered whether possession of a concealed weapon and felon in possession of a firearm were the same "offense" for purposes of the constitutional double jeopardy provision—Article I, section 12, of the Oregon Constitution.[1] The court held that, even though the two crimes had different elements, they constituted the same "offense." Thus, the fact that two charges have different elements does not determine whether they constitute the same "offense." ORS 131.515(2) assumes that a defendant has been charged with *at least two offenses* and precludes separate prosecution, not when the elements or offense are the same, but when separate offenses are based on the same "criminal episode." Consequently, for purposes of ORS 131.515(2), the correct inquiry is not whether the elements of two offenses are the same, but whether the offenses are based on the same "criminal episode."

ORS 131.505(4) defines the phrase "criminal episode," as used in ORS 131.515(2), to mean:

> "continuous and uninterrupted conduct that establishes at least one offense and is so joined in time, place and circumstances that such conduct is directed to the accomplishment of a *single criminal objective*."

(Emphasis added). In this court, the parties argued, appropriately, about the application of that definition to the facts of this case. Defendant argued that the simultaneity of the acts of driving and drug possession demonstrated that the offenses were based on the same "criminal episode" and that the charges must be joined in the same prosecution. The state argued that the charges could be separately prosecuted

---

[1] Article I, section 12, provides:

"No person shall be put in jeopardy twice for the same offence [*sic*], nor be compelled in any criminal prosecution to testify against himself."

because defendant did not demonstrate that the alleged unlawful driving and drug possession were "directed to the accomplishment of a single criminal objective," as ORS 131.505(4) requires.

The legislative history, set out in the Commentary to the Proposed Oregon Criminal Procedure Code, includes a lengthy discussion of the role that the requirement of a "single criminal objective" plays and states:

> "The definition of 'criminal episode' recognizes that a single course of criminal conduct can create different harms and violate different statutes but still be closely related in time, place and circumstances.

> "The criterion of 'single criminal objective' is one part of the test[.] *** The determination of whether the conduct is 'directed to the accomplishment of a single criminal objective' is an *objective determination*. In other words, the subjective intent of the person should not be considered in determining whether or not a certain offense was part of the criminal episode. Instead, the determination would depend upon what *reasonably appeared under the circumstances to be within a single criminal objective*."

Commentary to Criminal Law Revision Commission Proposed Oregon Criminal Procedure Code, Final Draft and Report (Commentary) § 26, 17 (Nov 1972) (emphases added).

The Commentary goes on to describe various situations illustrating those principles. It explains, for example, that, if a person committed multiple burglaries on the same evening, then each burglary would be a separate criminal episode, because each was committed at a different time and place. *Id.* By contrast, the Commentary states that a defendant who enters a bank, confronts a teller and manager with a gun, demands money, ties up the manager, takes the teller as a hostage, and, as he flees the bank, fatally wounds the bank guard who attempts to prevent the escape, commits those crimes in one criminal episode; the defendant's single criminal objective is to successfully commit the bank robbery without capture. *Id.* However, the Commentary also observes that, if the defendant forces the teller into the back room before fleeing and rapes her, it is less clear that the robbery and rape are directed at the same criminal objective

and, therefore, part of the same criminal episode. The robbery was already completed before the rape took place, and thus it would appear that the defendant had two separate objectives—robbery and rape. *Id.* at 17-18.

In another situation described in the Commentary, a defendant steals a car at 9:00 p.m., robs a market at 9:30 p.m., and flees in the stolen car. The Commentary states that defendant's crimes would be part of one criminal episode consisting of the crimes of robbery and theft. But, if a police officer later sees the defendant entering a tavern at 11:00 p.m., attempts to arrest the defendant, and is wounded by the defendant in an exchange of gunfire, then the defendant's crimes would compose two criminal episodes: one consisting of the crimes of robbery and theft, and the other consisting of the crimes of resisting arrest and assault. *Id.* at 18.

What I take from those examples is that, to be directed to the accomplishment of a single criminal objective, the two offenses need not be similar, need not have the same elements, need not be proved by the same evidence, and need not share the same statutory intent. Rather, they may be as dissimilar as robbery and murder or as robbery and rape. It also appears that a "single criminal objective" is not a narrow concept: Two or more offenses may be directed toward more than one criminal objective and still be part of the same criminal episode, as long as they reasonably can be seen to be directed toward a single overarching criminal objective.

Those examples from the Commentary are helpful in assessing how closely distinct criminal events must be connected in time and place before they can be said to share a criminal objective. They are not as helpful in resolving the question that this case poses, however. The only example included in the Commentary that addresses drug possession that occurs simultaneously with other criminal conduct is an example of a person who both sells and possesses drugs. The Commentary states that, when sale and possession occur simultaneously, the resulting charges must be joined. Commentary § 26 at 17. That example could be understood to require joinder for either of two reasons. It might indicate

an assumption that, to sell drugs, a defendant also *must* possess them, which might, therefore, permit a conclusion that the defendant's conduct was directed toward a single overarching criminal objective to engage in the sale of illegal drugs. That assumption may not be correct, however, and, alternatively, that example could be understood to illustrate the effect of simultaneity on the analysis: When a defendant simultaneously sells and possesses drugs, the defendant has a criminal objective to engage in the two acts simultaneously. The Commentary does not disclose its reasoning. However, the example of the simultaneous possession and sale of drugs evidences an intent to require joinder of such charges.

The circumstance that this case presents is similar, but, depending on how the Commentary is understood, may call for a different result. When a defendant drives under the influence of a controlled substance, that substance may or may not be illegal drugs and the defendant may or may not need to possess the drugs to drive under their influence. Thus, if a defendant drives and simultaneously possesses illegal drugs, the drugs may or may not have any necessary connection to the unlawful driving. If the legislature intends the simultaneity of a defendant's driving and drug possession to establish that the defendant's conduct is directed toward the accomplishment of a single criminal objective, then it intends that the two acts are based on the same criminal episode and must be joined. However, if the legislature means to impose a requirement that, to share a criminal objective, the possession of the drugs must be *necessary* to accomplish the unlawful driving, then the two acts may or may not be part of the same criminal episode, depending on the particular facts presented. The problem is especially difficult because the Commentary specifies that a particular defendant's intent is not determinative: The analysis is an objective one.

This court considered a similar problem in *State v. Boyd*, 271 Or 558, 533 P2d 795 (1975), the only case in which it has construed ORS 131.515(2). In *Boyd*, the police had probable cause to believe that the defendant's husband had been involved in a burglary and obtained a warrant to

search the defendant's home for evidence of that crime. In the ensuing search, the officers found, among other things, a quantity of amphetamine tablets, some marijuana, and a television set that had been stolen several months earlier. The state first indicted the defendant for theft, committed by retaining and concealing the television, and then later indicted her for possession of the amphetamine tablets. When the jury acquitted the defendant on the theft charge, the defendant moved to dismiss the drug indictment on former jeopardy grounds. The trial court granted the motion and the Court of Appeals affirmed.

On review, this court considered whether the theft and the drug charges were based on the "same criminal episode" under ORS 131.515(2). The court interpreted ORS 131.515(2) to *require* joinder in the same circumstances in which joinder is statutorily *permitted*. The permissive joinder statute in effect at that time—ORS 132.560(2) (1975)— permitted joinder when charges were based on "the same act or transaction."[2] The court had interpreted the permissive joinder statute in *State v. Fitzgerald*, 267 Or 266, 516 P2d 1280 (1973), and held there that,

> "the two charges arise out of the same act or transaction if they are so closely linked in time, place and circumstance that a complete account of one charge cannot be related without relating details of the other charge."

---

[2] ORS 132.560(2) (1975) provided:

"When there are several charges against any person or persons for the same act or transaction, instead of having several indictments, the whole may be joined in one indictment in several counts; and if two or more indictments are found in such cases, the court may order them to be consolidated."

ORS 132.560 has been amended over the years in ways that do not affect my analysis. The concept underlying ORS 132.560(2) (1975) is now found in ORS 132.560(1)(b)(B), which still refers to crimes based on the "same act or transaction" and provides:

"(1) A charging instrument must charge but one offense, and in one form only, except that:

"* * * * *

"(b) Two or more offenses may be charged in the same charging instrument in a separate count for each offense if the offenses charged are alleged to have been committed by the same person or persons and are:

"* * * * *

"(B) Based on the same act or transaction[.]"

*Id.* at 273. The court in *Boyd* adopted that same standard for determining whether charges *must* be joined under ORS 131.515(2) and explained:

> "We are unable to conceive of 'continuous and uninterrupted conduct * * * so joined in time, place and circumstance' that such conduct is directed to the accomplishment of a single criminal objective, which at the same time would not fulfill the test of *Fitzgerald* and be 'so closely linked in time, place and circumstance that a complete account of one charge cannot be related without relating details of the other charge.' * * * We hold, therefore, that 'same criminal episode' in ORS 131.515(2) is synonymous with same transaction in ORS 132.560(2)[1975]."

*Boyd*, 271 Or at 565-66 (first ellipsis in original).

However, the court concluded, that test did not resolve the issue in the case then before the court. With respect to the offenses at issue, the court determined, criminal culpability was based not on a series of "relatable *events*," but on a "single *condition*"—the defendant's possession of different items of contraband at one time and in one place:

> "The interrelationship deemed essential [to determining whether multiple offenses are part of the same criminal episode] is lacking in the present case because the possession of the separate items of property do not constitute relatable *events* but rather a single *condition* characterized by the manner in which the items are held by the accused. * * * The charge is a single charge of illegal possession of goods at one time and place."

*Id.* at 570 (emphases in original). Moreover, the court explained, when the condition is possession of contraband, it does not matter that the defendant may have obtained the various items at different times and places:

> "If a defendant is charged with the possession of drugs, some of which had been acquired at one time and the rest at another time, it would seem clear that he would be entitled to object to multiple prosecutions. There would be no reason other than harassment of the defendant for the state to divide the condition of possession into parts and prosecute separately on each."

*Id.* at 571. The court ultimately held that, because the defendant had simultaneously possessed the several items of contraband, ORS 131.515(2) precluded successive prosecutions. The theft and possession charges had to be joined.

Although the court in *Boyd* may have been mistaken in so closely equating the compulsory and permissive joinder statutes and may not have sufficiently considered the definition of "criminal episode" as used in ORS 131.515(2), and particularly the role of the "single criminal objective" in that definition, I think that the court reached the correct result. I also think that that same result should obtain here. When a defendant drives unlawfully and, at the same time, illegally possesses contraband, there is only one criminal "episode." Both unlawful acts occur at the same time and certainly could be understood to share the same criminal objective— to drive while in possession of contraband.

In this case, the state initially joined the DUII and drug possession charges. In doing so, it implicitly recognized that, in the ordinary case, there is no reason to successively prosecute such charges. To eliminate any doubt that that is what the legislature intended to require or that this court's decision in *Boyd* is controlling, the legislature may wish to explicitly address the issue.