Argued and submitted March 31, affirmed May 25, petition for review denied August 2, 1994 (319 Or 572)

## STATE OF OREGON,
*Respondent,*

*v.*

## JOSEPH PHILIP FLOWER,
*Appellant.*

(10-92-04503, 10-92-06329;
CA A78589 (Control), A78590)
(Cases Consolidated)

874 P2d 1359

Jesse Wm. Barton, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Richardson, Chief Judge, and Edmonds, Judge.

WARREN, P. J.

**WARREN, P. J.**

Defendant appeals from consecutive sentences imposed on his convictions of eight offenses in two separate cases. We affirm.

On June 4, 1992, defendant was indicted for a series of offenses that he committed on May 27, 1992 (the first case). Two months later, he was indicted for a series of offenses committed on May 18, 1992 (the second case). Under ORS 132.560(1) and (2),[1] the state moved to consolidate the cases. The court granted the motion but, after the court heard and denied defendant's motion to suppress, defendant waived jury in the first case and the trial court found defendant guilty on stipulated facts. A jury then convicted defendant in the second case.

The prosecutor then requested separate sentencing hearings. The trial court granted the motion over defendant's objection. In the first case, the court made departure findings and imposed a 260-month departure sentence on defendant's conviction for rape in the first degree, the "primary" offense. It then imposed consecutive sentences on the remaining convictions for a total of 476 months. Two days later, the court sentenced defendant in the second case, imposing a 144-month departure sentence on defendant's conviction for burglary in the first degree, the "primary" offense, and consecutive sentences on the other convictions for a total of 198 months. The court then ruled that the sentences in the

---

[1] ORS 132.560 provides, in part:

"(1) A charging instrument must charge but one offense, and in one form only, except that:

"(a) Where the offense may be committed by the use of different means, the charging instrument may allege the means in the alternative.

"(b) Two or more offenses may be charged in the same charging instrument in a separate county for each offense if the offenses charged are alleged to have been committed by the same person or persons and are:

"(A) Of the same or similar character;

"(B) Based on the same act or transaction; or

"(C) Based on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

"(2) If two or more charging instruments are found in circumstances described in subsection (1)(b) of this section, the court may order them to be consolidated."

second case were to be served consecutive to those imposed in the first case.

Defendant argues that the sentences in the two cases are governed by the "200/400 percent" rule in OAR 253-12-020 and OAR 253-08-007. He argues that, under *State v. Miller*, 317 Or 297, 855 P2d 1093 (1993), those rules do not apply if the sentences are imposed in separate sentencings for separate criminal episodes, but the rules do apply if the sentences arise from the same criminal episode.

ORS 131.505(4) defines "criminal episode" as

"continuous and uninterrupted conduct that establishes at least one offense and is so joined in time, place and circumstances that such conduct is directed to the accomplishment of a single criminal objective."

Defendant's convictions here did not arise from continuous and uninterrupted conduct. He contends, however, that by moving to join the two cases for trial, "the state implicity conceded that the 400 percent rule would apply at sentencing." His position is that *Miller* holds that OAR 253-12-020 implicitly incorporates ORS 132.560, the joinder statute, and that the 1989 amendments to ORS 132.560 expanded the grounds for joinder beyond requiring that the offenses arise out of the same act. He argues that those amendments are incorporated into ORS 132.560 under ORS 174.060,[2] and, therefore, under *Miller*, OAR 253-12-020 applies to his cases.

The state argues that the fact that the trial court consolidated the cases here does not determine when the limitations on consecutive sentences in OAR 253-12-020 apply. It contends that the record shows that the cases involved different criminal episodes and that the state's motion to consolidate did not allege that the offenses were part of the same act or transaction.

---

[2] ORS 174.060 provides:

"When one statute refers to another, either by general or by specific reference or designation, the reference shall extend to and include, in addition to the statute to which reference was made, amendments thereto and statutes enacted expressly in lieu thereof unless a contrary intent is expressed specifically or unless the amendment to, or statute enacted in lieu of, the statute referred to is substantially different in the nature of its essential provisions from what the statute to which reference was made was when the statute making the reference was enacted."

In *Miller*, the state argued that the limits of OAR 253-12-020 applied only to offenses arising from a single criminal episode because, when the rule was proposed, promulgated and adopted, only criminal acts arising from a single episode could be joined in one indictment under ORS 132.560(1). 317 Or at 303. In accepting the state's position, the Supreme Court noted that the legislature considered and adopted the expanded joinder bill in the same session as the guidelines, that it was aware of the relationship of the two bills but "did not alter the 200 percent rule to apply it to sentencing on separate criminal episodes." 317 Or at 305. We do not agree with defendant that that discussion in *Miller* stands for the proposition that joinder for purposes of an indictment determines the limitations of consecutive sentences. The court expressly held that "[t]he 200 percent rule does not apply to sentences derived from different criminal episodes." 317 Or at 306. Defendant's sentences here derived from different criminal episodes. The court did not err in imposing consecutive sentences.

Affirmed.