Submitted on remand from the Oregon Supreme Court March 28, affirmed
May 24, petition for review denied July 25, 1995 (321 Or 397)

# STATE OF OREGON,
*Respondent,*

*v.*

# CLINT LEON SPENCER,
*Appellant.*

(10-93-00735, 10-93-00896 through 10-93-00909;
CA A80171 (Control) through A80184, A80414)

895 P2d 792

Sally L. Avera, Public Defender, and Diane L. Alessi, Chief Deputy Public Defender, for appellant.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, for respondent.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

## LEESON, J.

This case is on remand from the Supreme Court, 320 Or 568, 888 P2d 1043 (1995), for reconsideration in the light of *State v. Kephart*, 320 Or 433, 887 P2d 774 (1994), and *State v. Martin*, 320 Or 448, 887 P2d 782 (1994). We affirm.

Defendant was charged in 14 separate indictments with factoring, ORS 165.074, and theft crimes committed over a one-month period against numerous victims. He was also charged in a four-count indictment with sexual offenses involving a 15-year-old girl. The trial court granted the state's motion to consolidate the factoring and theft cases. Pursuant to a plea bargain, defendant pleaded guilty to all of the factoring and theft offenses and all but one of the sexual offenses. In exchange, the state agreed not to file any additional factoring or theft charges and dismissed the remaining sexual charge. The state and defendant agreed that the sentence would be "open." That is not one of the kinds of stipulated sentences described in ORS 135.407 that we may not review under ORS 138.222(2)(d). *Kephart*, 320 Or at 446.

At the sentencing hearing, the trial court departed from the presumptive probation sentence and imposed consecutive prison sentences of six months on each of the 14 factoring convictions. On appeal, defendant argues that the 84-month term of incarceration violates the "400 percent rule" in OAR 253-12-020(2),[1] under which the trial court could impose no more than a total of 24 months for the consecutive sentences.

---

[1] OAR 253-12-020 provides, in part:

"(2)(a) Subject to the provisions of subsection (b) of this section, the presumptive incarceration term of the consecutive sentences is the sum of:

"(A) The presumptive incarceration term or the prison term defined in OAR 253-08-005(1) imposed pursuant to a dispositional departure for the primary offense, as defined in OAR 253-03-001(17); and

"(B) Up to the maximum incarceration term indicated in the Criminal History I Column for each additional offense imposed consecutively.

"(b) The total incarceration term of the consecutive sentences, including the incarceration term for the primary offense, shall not exceed twice the maximum presumptive incarceration term or the prison term defined in OAR 253-08-005(1) imposed pursuant to a dispositional departure of the primary sentence except by departure as provided by OAR 253-08-007[.]"

Defendant concedes that OAR 253-12-020(2) does not apply to sentences imposed as a result of different criminal episodes, *State v. Miller*, 317 Or 297, 306, 855 P2d 1093 (1993), but argues that his convictions are based on crimes committed during a single criminal episode.[2] He argues that the crimes were all part of a common scheme or plan, that the conduct was nearly identical in each case, that all of the credit card numbers and transactions were kept in a single notebook, that evidence concerning each of the crimes would be admissible in a trial involving only one crime, and that the crimes had a single criminal objective: "to obtain goods and services without paying for them."

■■ Defendant committed the factoring and theft crimes over a period of several weeks. The crimes involved different credit cards and merchants, and defendant used different accomplices. Separate and distinct crimes committed at different times and places do not become part of a single criminal episode simply because the defendant committed each of the crimes with the same criminal objective. *See, e.g., State v. Hathaway*, 82 Or App 509, 515, 728 P2d 908 (1986), *rev den* 302 Or 594 (1987) (two drug deliveries committed a few hours apart to the same undercover agent not part of single criminal episode).

■■ Furthermore, the trial court's grant of the state's motion to consolidate was not a ruling that the 400 percent rule applied. The state's motion to consolidate did not allege that the offenses were part of the same act or transaction and the state did not proceed under that theory. *State v. Flower*, 128 Or App 83, 86, 874 P2d 1359, *rev den* 319 Or 572 (1994). Rather, the state's motion was based on its contention that the charges were so factually interrelated that evidence of each crime would be admissible in a separate prosecution of the other crimes. Facts from one charge that are admissible as evidence in another does not mean that they are part of the same criminal episode. *State v. Nguyen*, 95 Or App 653, 656-57, 771 P2d 279, *rev den* 308 Or 142 (1989).

Affirmed.

---

[2] ORS 131.505(4) defines "criminal episode" as

"continuous and uninterrupted conduct that establishes at least one offense and is so joined in time, place and circumstances that such conduct is directed to the accomplishment of a single criminal objective."