Argued and submitted September 23, 1996, reversed and remanded with instructions October 1, 1997, petition for review denied January 27, 1998 (326 Or 390)

# STATE OF OREGON,
*Respondent,*

*v.*

# PAUL CAMERON SPARKS,
*Appellant.*

## (95CR0877; CA A90258)

946 P2d 314

Peter Gartlan argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Janet A. Klapstein, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

Armstrong, J., concurring in part and dissenting in part.

## EDMONDS, J.

Defendant appeals his convictions on six counts of burglary in the first degree. ORS 164.225. We reverse.

The evidence shows that defendant entered three vacant rooms of a motel, took a television set from each room and vandalized each room. The state charged defendant with six counts of first-degree burglary, alleging that defendant had unlawfully entered into each of the vacant rooms for the purposes of committing the crime of theft and of criminal mischief.[1] A jury convicted defendant on all six counts, and defendant appeals.

In his first assignment of error, defendant contends that, because he unlawfully entered only three motel rooms, he could be convicted of only three counts of burglary. The state argues that, because defendant intended to commit two different crimes when he entered each of the three rooms, he could be properly convicted on all six counts.

ORS 164.225(1) provides, in part:

"A person commits the crime of burglary in the first degree if the person violates ORS 164.215 and the building is a dwelling."

ORS 164.215 provides that "a person commits the crime of burglary in the second degree if the person enters or remains unlawfully in a building with intent to commit a crime therein." ORS 161.062 and ORS 161.067 provide that, when the same criminal conduct violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separate punishable offenses as there are separate statutory violations. Thus, a defendant could be convicted separately for conduct that violates two or more statutory provisions to the extent that each statutory provision that is violated requires an element that the other does not. *State v. Crotsley*, 308 Or 272, 278, 779 P2d 600 (1989).

---

[1] The state also charged defendant with one count of theft in the second degree; that count was dismissed on the state's motion.

■ In this case, there was only one unlawful entry into each motel room. Even though defendant had the intent to commit more than one crime when he entered the premises, the two counts of burglary for entering the same room require proof of the same elements, *i.e.*, the entering of a dwelling with intent to commit a crime therein. The merger of convictions under these statutes is controlled by the elements in the criminal statute and not by factual circumstances. *State v. Atkinson*, 98 Or App 48, 777 P2d 1010 (1989). Because the two counts pertaining to each room do not require proof of separate statutory elements, the convictions merged under the above statutes. The trial court erred in entering convictions on all six counts.

In his second assignment of error, defendant argues that the trial court erred in not applying the "200 percent" and the "shift to column I" rules in OAR 253-12-020[2] to the consecutive sentences imposed by the court. If the rules are applied, the duration of defendant's sentences could be less. Although as a result of the disposition of defendant's first assignment of error it will be necessary for the trial court to resentence defendant, we address defendant's assignment in the event that the issue should arise again. Defendant contends that the trial court should have applied the rules because the burglaries were committed as part of a single criminal episode. In *State v. Miller*, 317 Or 297, 306, 855 P2d 1093 (1993), the court held that OAR 253-12-020(2) applies only to crimes that arise from a single "criminal episode."

---

[2] OAR 253-12-020(2) provides, in part:

"(a) Subject to the provisions of subsection (b) of this section, the presumptive incarceration term of the consecutive sentences is the sum of:

"(A) the presumptive incarceration term on the prison term defined in OAR 253-08-005(1) imposed pursuant to a dispositional departure for the primary offense, as defined in OAR 253-03-001(17); and

"(B) *up to the maximum incarceration term indicated in the Criminal History I Column for each additional offense imposed consecutively.*

"(b) The total incarceration term of the consecutive sentences, including the incarceration term for the primary offense, shall not exceed *twice the maximum presumptive incarceration term of the primary sentence* except by departure as provided by OAR 253-08-007."

The words "criminal episode" in Oregon law have a precise meaning. ORS 131.505(4) defines a "criminal episode" as "continuous and uninterrupted conduct that establishes at least one offense and is so joined in time, place and circumstances that such conduct is directed to the accomplishment of a single criminal objective." A "criminal episode" is synonymous with the phrase "same act or transaction." *State v. Boyd*, 271 Or 558, 565-66, 533 P2d 795 (1975); *State v. Fitzgerald*, 267 Or 266, 273, 516 P2d 1280 (1973). In *Fitzgerald*, the court said, regarding the latter phrase:

> "We hold that the two charges arise out of the same act or transaction *if they are so closely linked in time, place and circumstance that a complete account of one charge cannot be related without relating details of the other charge.*"[3] (Emphasis supplied.)

■ In this case, the circumstances of defendant's conduct demonstrate that he had to have formed a discrete criminal objective each time he made an unlawful entry into one of the motel rooms. A complete account of any one of the unlawful entries could be proven without reference to the others. Consequently, in light of the meaning of the words "criminal episode," the rules relied on by defendant do not apply to his convictions.

Reversed and remanded for entry of judgment of conviction on three counts of first-degree burglary and for resentencing.

**ARMSTRONG, J.,** concurring in part and dissenting in part.

I agree with the majority's conclusion that the trial court erred in entering convictions on all six burglary counts against defendant. I disagree, however, with its conclusion that the offenses for which defendant was convicted were not part of a single criminal episode.

The majority relies upon *State v. Fitzgerald*, 267 Or 266, 516 P2d 1280 (1973), for its reasoning and concludes

---

[3] *Boyd* and *Fitzgerald* involved an interpretation of the "same criminal episode" language in the context of ORS 131.515, a statute about former jeopardy.

that because "a complete account of any one of the unlawful entries could be proven without reference to the others," the burglaries must have been three separate transactions. I believe that the majority's interpretation of *Fitzgerald* is incorrect.

In *Fitzgerald*, the defendant was charged with escaping from a correctional facility and with unauthorized use of a vehicle. The trial court rejected his motion to sever the charges, and he was convicted on both counts. On appeal, the Supreme Court concluded that the joinder was improper because the two offenses were not "so closely linked in time, place and circumstance that a complete account of one charge [could not] be related without relating details of the other charge." *Fitzgerald*, 267 Or at 273.[1] The court based its conclusion on its analysis of the legislature's intent in passing ORS 132.560, the criminal joinder statute. The court determined that the legislature had intended to avoid prejudice to criminal defendants by limiting the circumstances under which offenses could be joined, rather than by allowing joinder and then severance when the defendant complained of prejudice. *Id.* at 271. It was with this theory in mind that the court in *Fitzgerald* approached the issue of what constituted a single criminal episode.

The court first concluded that "two charges may be joined if they are closely linked in time, place and circumstance" and went on to state that "[i]f the charges are joinable under that basic statutory test, *no further inquiry need be made.*" *Id.* at 272 (emphasis supplied). *Only* if there were some doubt as to the link between the acts would it be necessary to examine the evidence in order to determine whether evidence of one act could be related without reference to evidence of the others. *Id.* I conclude, therefore, that the court's holding that separate offenses are part of the "same act or transaction" when "a complete account of one charge cannot be related without relating details of the other charge," *id.* at 273, must be read to apply *only* to those cases where there is some doubt whether the offenses are closely

---

[1] The court went on to determine that the defendant had not been prejudiced by the improper joinder, however, and affirmed the conviction on both counts.

linked in time, place, and circumstance.[2] In the present case, defendant burglarized three rooms of the same motel in sequence, committing the same crimes in each room. I fail to see how there can be any doubt that those acts were closely linked in time, place and circumstance.

I find further support for my conclusion from the fact that the legislature has determined, for double jeopardy purposes, that a single criminal episode is "continuous and uninterrupted conduct that establishes at least one offense and is so joined in time, place and circumstances that such conduct is directed to the accomplishment of a single criminal objective." ORS 131.505(4).[3] Defendant has argued that his objective was to steal the televisions from each motel room. I am hard pressed to conclude that, had the state chosen to prosecute defendant for only one of the motel room burglaries, it would not have run afoul of the prohibition against double jeopardy in ORS 131.505 had it later attempted to charge defendant for the other two burglaries.

I therefore dissent from the majority's conclusion that defendant's three burglaries were not part of a single criminal episode and, hence, that they are not subject to OAR 253-12-020.

---

[2] That reading is in accord with this court's decisions in subsequent cases, where we applied the evidentiary test to offenses that were so separated by time, distance or circumstances that there was some doubt as to whether the acts constituted a single criminal episode. *See, e.g.*, *State v. Spencer*, 134 Or App 556, 895 P2d 792 (1995) (factoring and theft charges based on offenses committed using different credit cards at different times involving different merchants and different accomplices not part of same criminal episode); *State v. Hathaway*, 82 Or App 509, 728 P2d 908 (1986) (two charged incidents not contemporaneous; defendant's acts not directed to accomplishment of single criminal objective); *State v. Clifton*, 64 Or App 550, 669 P2d 353 (1983) (applying "criminal objective" test); *State v. Crumal*, 62 Or App 156, 659 P2d 977 (1983) (burglary, assault and criminal mischief charges not same criminal episode as disorderly conduct that took place 45 minutes later; different times, places and victims involved).

[3] In *State v. Boyd*, 271 Or 558, 533 P2d 795 (1975), the Supreme Court adopted the *Fitzgerald* test for issues arising under ORS 131.505(4).