Argued and submitted July 24, 2014, affirmed January 7, 2015

BRYAN TIMMOTHY BAKER,
*Petitioner-Appellant,*

*v.*

JEFF PREMO,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
11C10900; A151997

268 P3d 406

Rankin Johnson IV argued the cause and filed the brief for appellant.

Paul L. Smith, Attorney-in-Charge, argued the cause for respondent. On the brief were Mary H. Williams, Deputy Attorney General, Anna M. Joyce, Solicitor General, and Jeremy C. Rice, Assistant Attorney General.

Before Ortega, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

GARRETT, J.

## GARRETT, J.

In this appeal, petitioner challenges the post-conviction court's order denying his motion for summary judgment and granting defendant's cross-motion for summary judgment. The summary judgment motions concerned whether petitioner's criminal trial counsel was constitutionally inadequate for agreeing to a change in the terms of a plea agreement that, according to petitioner, resulted in an enlargement of petitioner's total sentence from 152 months to 180 months. The post-conviction court granted summary judgment to defendant on the ground that petitioner could not demonstrate prejudice, reasoning that even if petitioner's trial counsel had objected to the change, the sentencing court would have imposed the same total sentence. We conclude that the trial court did not err in granting summary judgment for defendant because there is no genuine dispute that the sentencing court would have imposed the total 180-month sentence regardless of whether petitioner's counsel objected to the change. That conclusion obviates the need to address the denial of petitioner's motion for summary judgment because petitioner must establish prejudice in order to prevail on his claim that counsel was constitutionally inadequate. *Cf. Northwest Natural Gas Co. v. City of Gresham*, 264 Or App 34, 39, 330 P3d 65, *rev allowed*, 356 Or 516 (2014) (noting that, in an appeal from a judgment resulting from cross-motions for summary judgment, if both the granting of one motion and the denial of other are assigned as error, then both are subject to review). Accordingly, we affirm.

We discuss briefly the undisputed facts relevant to this appeal. The victim did not know petitioner, her biological father, until she was 16 and moved into petitioner's home. Soon after the victim moved in with petitioner, petitioner repeatedly engaged in sexual conduct with her, which was nonconsensual because of her age. That conduct continued after the victim turned 18 and after he was confronted by police officers at the behest of the victim's grandmother. Eventually the victim became pregnant and had petitioner's child. About 20 years earlier, petitioner, while an adult, had impregnated another underage girl. Petitioner was arrested and charged with 75 counts of second-degree sexual assault

and incest. He pleaded guilty to five counts of second-degree sexual assault and five counts of incest, for which the sentencing court sentenced him to a total of 180 months' imprisonment.

Petitioner has previously come to us for review of his sentence. On direct appeal, in *State v. Baker*, 233 Or App 536, 226 P3d 125 (2010), he challenged the constitutionality of his sentences, under Article I, section 16, arguing that they were disproportionately long compared to sentences for other, more serious crimes.[1] To resolve his claimed error—that his sentences were constitutionally disproportionate—we applied the factors set out in *State v. Rodriguez/Buck*, 347 Or 46, 58, 217 P3d 659 (2009). When we compared the offenses to the penalty viewed through the lens of the conduct's harm to society or the victim (the first *Rodriguez/Buck* factor), we noted that petitioner's "conduct—engaging in sexual intercourse with his child beginning when she was a minor—is egregious." *Baker*, 233 Or App at 542. As to the second *Rodriguez/Buck* factor, a comparison of the penalty to related offenses, we reasoned that petitioner's sentences resulting from 10 convictions could not properly be compared to a sentence resulting from one conviction. *Baker*, 233 Or App at 543. And for the third factor, petitioner's criminal history, we observed that his behavior followed the general rule that "sex abuse perpetrators repeatedly abuse their victims" because petitioner's "conduct persisted even after the police alerted him that they were investigating the sexual relationship. Moreover, defendant has a history of second-degree sexual abuse apart from this relationship: He has previously impregnated another minor female." *Id.* We therefore concluded that his sentence was not constitutionally disproportionate. *Id.*

This post-conviction case concerns the method by which the sentencing court reached the 15-year total sentence. Petitioner was indicted on 21 counts of second-degree

---

[1] We originally denied his appeal by order on the ground that petitioner, because he had pleaded guilty to his criminal offenses, could not assert on direct appeal that his sentence was constitutionally disproportionate. The Supreme Court reversed that order and remanded for further proceedings after concluding that petitioner could appeal his sentence. *State v. Baker*, 346 Or 1, 202 P3d 174 (2009).

sexual abuse, ORS 163.425 (subjecting another person to sexual intercourse where the other person is unable to consent because she is under 18 years of age), and 54 counts of incest, ORS 163.525 (engaging in sexual intercourse with a person known to be one's child). The sexual abuse counts were for the conduct that occurred prior to the victim's 18th birthday; the incest counts were for the conduct that occurred after.

Petitioner entered into a plea agreement in which he pleaded guilty to "Sexual Abuse II (Cts 1-5); Incest (Cts 70-74)," *i.e.*, five counts of second-degree sexual abuse and five counts of incest, and the state agreed to dismiss the remaining 65 counts. As alleged in the indictment, the five sexual abuse counts to which petitioner pleaded guilty (Counts 1 through 5) occurred prior to the incest counts (Counts 70 through 74). Additionally, petitioner agreed to the following terms:

"11.   I declare that no [government official], nor my lawyer, nor any other person *** has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I will receive a lighter sentence, or probation, or any other form of leniency if I plead guilty, except **State will dismiss the remaining 65 charges, and open sentencing,** *I agree that each count is a separate offense.*

"13.   I plead guilty and respectfully request the Court to accept my plea of guilty and to have the Clerk enter my plea of guilty on the factual basis of *On five separate occasions* **between 1/4/04 and 8/2/04, I unlawfully and intentionally subjected [the victim] to sexual intercourse to which she could not consent due to her age (Cts 1-5)[.]** *On five separate occasions* **between 8/3/04 and 6/30/05 after [the victim] was 18 years old, I unlawfully and knowingly engaged in sexual intercourse with her, knowing that she was my daughter.** ***"

(Emphases added; handwritten text in boldface.) In Addendum A to the plea agreement, petitioner initialed the following term:

"I waive my right under Blakely v. Washington to have a jury make all factual findings that affect the length of

my sentence, including facts which the court may find are aggravating factors, and stipulate (agree to) the following sentence *EACH COUNT IS A SEPARATE AND DISTINCT CRIMINAL ACT AND MAY BE SENTENCED CONSECUTIVELY.*"

(Emphasis added; handwritten text in boldface.) To summarize, petitioner pleaded guilty to five counts each of second-degree sexual abuse and incest, waived his right to have a jury make factual findings for any aggravating factors that justified departing from presumptive sentences,[2] and admitted that each count was a separate offense, act, or occasion. Sentencing was not agreed to and was left open.

At sentencing, the state expressed dissatisfaction with the sentence that petitioner would receive if the sentence was based on the order of the counts as pleaded. Counts 70 through 74 occurred after the victim's 18th birthday and, therefore, were assessed a crime-seriousness level of I under the sentencing guidelines (instead of the level VI that applies when the victim is under 18). The state said that its intention had been to have petitioner plead guilty to five counts of level VI incest, not level I incest. During a discussion among the state, petitioner's counsel, and the sentencing court, the court observed that it could impose a longer total sentence by sentencing petitioner on the incest counts first, which would increase petitioner's criminal history score for purposes of sentencing the sexual abuse counts. The state replied that it would agree to proceeding in that fashion if petitioner's counsel would "stipulate to that." Petitioner's counsel agreed.

The state argued to the court a number of reasons why it should impose the state's recommended sentence of 180 months:

> "[STATE]: I think from reading the pre-sentence investigation, the Court probably picked up on the fact that this is not the first incident where this Defendant has had

---

[2] In *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), the United States Supreme Court held that factual findings used to support a departure sentence must be found by a jury beyond a reasonable doubt. A defendant may waive that right and allow the court to make those factual findings.

sexual intercourse with an underage female, and—and the underage female became pregnant.

"Your Honor, I think this is also a circumstance where you have a victim who's extremely vulnerable, in—the sense that she had had no—relationship whatsoever with her biological father. She then has the opportunity to get to know her father, and—and it turns into something horrific.

"* * * * *

"[COURT]:   So, if I understand this then, is the reason why persistent—what is it—persistent involvement in similar type crimes? Or—

"[STATE]:   Your Honor, I—I actually think that there's three aggravating factors that fit.

"One, the fact that the case involved a vulnerable victim.

"Two, the fact that there was persistent involvement; one between this Defendant and this Victim, but two, this isn't the first time that this Defendant has engaged in sexual contact with an underage female. Nor is it—nor is it the first time that he's gotten an underage female pregnant.

"And, Your Honor, as noted in the pre-sentence investigation, the harm or loss is significantly greater in this specific case than is typical based on the fact that [the victim] became pregnant. She has the child * * * who now has significant [psychological] issues that he is going to have to deal with.

"* * * * *

"Your Honor, I also think an aggravating factor would be the fact that the Defendant was contacted and—basically, in the middle of the sexual relationship that was taking place between the Defendant and his daughter, contacted by police, he knew that that's what they were investigating, and he didn't stop."

After hearing those arguments and petitioner's counsel's response, the sentencing court made the following remarks explaining the sentence it imposed:

"Sir, I don't give long lectures, I'll just say that—when we're parents, we have special obligations. And I understand that you may not have known your daughter up until

the time that she was 16, but that nevertheless, you still have a special obligation.

"And—we'll start with the Incest offenses first. That's 70-74. I'll do an upward departure on each one of those.

"Three reasons: persistent—persistently committing the same offense; being alerted to the nature of the offense and still continuing to commit it; a vulnerable victim; and having done it at an earlier age. So actually four factors.

"Each one of these will be an upward departure, six months, concurrent. The post-prison supervision will be 60 months, time actually served. * * *

"On each one of the other offenses, which are Sex Abuse in the Second Degree, the numbers being, I believe, I-V, but I'll verify that. Sex Abuse II, I-V, and they're all As, both sides have agreed. On each of those, he'll get 36 months, consecutive, concurrent with the previously imposed sentence, for a total of 180 months. * * *"

Thus, in arriving at the 180-month total sentence, the court found four aggravating factors to impose departure sentences on the incest counts but not on the sexual abuse counts. *See also Baker*, 233 Or App at 538 ("The trial court found four aggravating factors to impose the six-month departure sentence on the incest charges.").

Petitioner's counsel asked the court to reconsider the 180-month sentence because it was "double or triple what [counsel had] seen * * * from people who've had sex with five and six year old children" and counsel stated that he "remaine[ed] stunned" by the proportionality of the total sentence compared to other cases. The sentencing court responded, in part:

"Actually, I'm *appalled* by this gentleman's behavior. I'm appalled that he got his daughter pregnant. I try not to give speeches because I don't think people are particularly interested in it. But this is something that went on over a long period of time.

"The—not only does this damage the Victim, but it damaged the child of the Victim. It's something that went on before. It's something that continued after he was alerted to—after the police.

"I'm thinking of one gentleman who abused two of his sons, and I think I gave him 40 years. So to say that this is not proportional really is not the case in this courtroom. *I actually limited my sentence by what the State recommended because I contemplated giving him more.*

"So, sir, your behavior is unacceptable. What happened here is unacceptable. It's—it is true what you did is against the law, and it's considered a significant offense. And it is true that it is morally wrong and morally repugnant, *but [I] would've perhaps given more.*

*"So I am completely comfortable with this sentence,* and do you understand what it is, sir?

"* * * * *

"[L]ooking at the psychological report which I actually read, based on what I can read, there's a good chance that [petitioner] might do it again. So this is protection of community. Not with this particular young lady, but another young gal."

(Emphases added.)

In his petition for post-conviction relief, petitioner alleged that his trial counsel was inadequate because he stipulated to having the court sentence petitioner on the five incest counts first, followed by the five sexual abuse counts. Petitioner alleges that if his counsel had objected and if sentencing had occurred pursuant to the original terms of the plea agreement, then the maximum sentence that petitioner could have received (in the absence of upward departures on the sexual abuse convictions) was 152 months.[3] Both parties moved for summary judgment.

The post-conviction court ruled that issues of fact precluded summary judgment as to issues relating to the exact terms of the underlying plea agreement, and, consequently, whether trial counsel acted reasonably in stipulating to a particular sentencing sequence. The post-conviction

---

[3] Petitioner reasons that, if the sexual abuse counts were sentenced first, his criminal history scores would have ranged from "I" to "A," resulting in sentences for each count to vary between probation to 36 months' incarceration. Petitioner's actual sentence was based on a criminal score of "A" for all five of the sexual abuse counts, resulting in 36 months' incarceration for each count and, thus, totaled 180 months.

court further concluded, however, that petitioner could not establish prejudice because, even if the trial court had sentenced the counts in the order that petitioner wanted, the sentencing court still would have imposed a total sentence of 180 months.

On appeal, petitioner reprises his argument that, without a finding of departure factors on the sexual abuse convictions, the maximum sentence he could have received was 152 months if the order of the counts had remained unchanged. Petitioner also argues on appeal that, even if we were to conclude that the sentencing court would have departed from the presumptive sentence, the sentence imposed would have been limited to 144 months under OAR 213-012-0020(2)(b).[4] Defendant remonstrates that those sentence-limiting rules do not apply to sentences "derived from different criminal episodes." *State v. Miller*, 317 Or 297, 306, 855 P2d 1093 (1993). Defendant also contends that there is "little question" that the sentencing court would have imposed 180-months' incarceration.

ORS 138.530(1)(a) provides for post-conviction relief when the petitioner establishes a "substantial denial in the proceedings resulting in petitioner's conviction, or in the appellate review thereof, of petitioner's rights under the Constitution of the United States, or under the Constitution of the State of Oregon, or both, and which denial rendered the conviction void." Article I, section 11, of the Oregon Constitution and the Sixth and the Fourteenth Amendments to the United States Constitution provide criminal defendants with a constitutional right to counsel. "Under both constitutions, 'the defendant's right is not just to a lawyer in name only, but to a lawyer who provides adequate assistance.'" *Montez v. Czerniak*, 355 Or 1, 6, 322 P3d 487 (2014) (quoting *State v. Smith*, 339 Or 515, 526, 123 P3d 261 (2005)). Our review of a post-conviction claim of inadequate assistance of counsel involves a two-part inquiry:

---

[4] OAR 213-012-0020(2)(b) provides:

"The total incarceration term of the consecutive sentences, including the incarceration term for the primary offense, shall not exceed twice the maximum presumptive incarceration term or the prison term defined in OAR 213-008-0005(1) imposed pursuant to a dispositional departure of the primary sentence except by departure as provided by OAR 213-008-0007."

> "First, we must determine whether petitioner demonstrated by a preponderance of the evidence that [the counsel] failed to exercise reasonable professional skill and judgment. Second, if we conclude that petitioner met that burden, we further must determine whether he proved that counsel's failure had a tendency to affect the result of his trial."

*Lichau v. Baldwin*, 333 Or 350, 359, 39 P3d 851 (2002) (citation omitted).[5] "In reviewing the decision of the post-conviction court, we are bound by its findings of historic facts that are supported by evidence in the record." *Id.* at 359 (citing *Ball v. Gladden*, 250 Or 485, 487, 443 P2d 621 (1968)). "The burden is on petitioner to show, by a preponderance of the evidence, facts demonstrating that trial counsel failed to exercise reasonable professional skill and judgment and that petitioner suffered prejudice as a result." *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991) (citing ORS 138.620(2) ("The burden of proof of facts alleged in the petition shall be upon the petitioner to establish such facts by a preponderance of the evidence.")).

Moreover, under ORCP 47 C, a trial court grants a motion for summary judgment if, provided with all of the parties' submitted evidence,

> "there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law. No genuine issue as to a material fact exists if, based upon the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment. The adverse party has the burden of producing evidence on any issue raised in the motion as to which the adverse party would have the burden of persuasion at trial."

As noted, the post-conviction court granted summary judgment to defendant, which had argued that, as a matter of law, petitioner could not establish prejudice resulting from his counsel's alleged inadequate performance. That is so, defendant argues, because the sentencing court would have

---

[5] Petitioner does not distinguish between the standards for prejudice under Article I, section 11, and the Sixth Amendment, and such a discussion is unnecessary to resolve this case. We therefore consider whether petitioner was prejudiced under a general prejudice standard. *See Montez*, 355 Or at 27 n 7.

found departure factors allowing it to increase petitioner's sentences for the sexual abuse counts beyond the presumptive sentences. The question before us, therefore, is whether a reasonable trier of fact would be compelled to draw an inference from the record that the sentencing court could have and would have sentenced petitioner to 180 months' imprisonment. If such an inference is compelled, then petitioner cannot demonstrate prejudice from his counsel's alleged error because his sentence would have been the same regardless.

We first address petitioner's argument that the sentencing court could not have imposed a sentence greater than 144 months because the sexual abuse offenses committed by petitioner did not occur during separate criminal episodes. We readily conclude that that argument is without merit. "The words 'criminal episode' in Oregon law have a precise meaning. ORS 131.505(4) defines a 'criminal episode' as 'continuous and uninterrupted conduct that establishes at least one offense and is so joined in time, place and circumstances that such conduct is directed to the accomplishment of a single criminal objective.'" *State v. Sparks*, 150 Or App 293, 297, 946 P2d 314 (1997). And, a "'criminal episode' is synonymous with the phrase 'same act or transaction.'" *Id.* (citing *State v. Boyd*, 271 Or 558, 565-66, 533 P2d 795 (1975); *State v. Fitzgerald*, 267 Or 266, 273, 516 P2d 1280 (1973)). Petitioner foreclosed the argument that he did not admit or the record did not show separate criminal episodes when he included in his plea agreement that he had sexual intercourse with the victim "[o]n five separate occasions" over an eight-month period and that each count is "a separate and distinct act and may be sentenced consecutively." Moreover, Oregon case law has never held that circumstances such as these, involving long-term sexual abuse, constitute a single criminal episode.

We next turn to whether the sentencing court could have departed from the presumptive sentence for the sexual abuse offenses. Imposing a sentence greater than the presumptive sentence requires findings that there are aggravating factors to the crime. OAR 213-008-0002(1)(b). Defendant argues that the sentencing court found four

reasons to depart from the presumptive sentences for the sexual abuse counts. Petitioner argues that those findings were made for sentences imposed on the incest counts, and, had the sentencing court made those findings for the sexual abuse counts, trial counsel could have made arguments disputing those findings. For example, petitioner posited in his oral argument before us that the court's finding that the victim was vulnerable was already accounted for in the second-degree sexual abuse offense, *i.e.*, the victim's vulnerability because of her age was an element of the offense because she could not consent to sexual intercourse with petitioner by reason of her age. As explained below, that argument would have been futile.

The sentencing court must "impose the presumptive sentence provided by the guidelines unless the judge finds substantial and compelling reasons to impose a departure. If the sentencing judge departs from the presumptive sentence, the judge shall state on the record at the time of sentencing the substantial and compelling reasons for the departure." OAR 213-008-0001. As set out in OAR 213-008-0002(1)(b), there are a number of aggravating factors (such as, *e.g.*, "offender knew or had reason to know of the victim's particular vulnerability," OAR 213-008-0002(1)(b)(B), and "persistent involvement in similar offenses," OAR 213-008-0002(1)(b)(D)). Those factors are "nonexclusive." *State v. Gallegos*, 217 Or App 248, 256, 174 P3d 1086 (2007).

The sentencing court declared that "parents * * * have special obligations. And I understand that you may not have known your daughter up until the time that she was 16, but that nevertheless, you still have a special obligation" and that it was "appalled that he got his daughter pregnant. * * * [N]ot only does this damage the Victim, but it damaged the child of the Victim." Moreover, when the state argued in support of its sentencing recommendation, it contended that the victim was "extremely vulnerable" because she had never known her father and, when given the opportunity to know him, "it turns into something horrific." Additionally, in *Baker*, we have already determined that petitioner's second-degree sexual assault of his child was "egregious" conduct. 233 Or App at 538. Thus, the record supports the conclusion

that the sentencing court could have determined that there was a substantial and compelling reason to depart from the presumptive sentences for the sexual abuse counts. (Petitioner advances no argument to counter the applicability of the sentencing court's other reasons for departure.)

The record also leaves no doubt that the sentencing court would have imposed departure sentences on the sexual abuse convictions even if the convictions had been sentenced in the same order as set forth in the original plea agreement. In answer to petitioner's contention that the total 15-year sentence was disproportionate, the sentencing court, expressing that it was "appalled," explained that it "actually limited my sentence by what the State recommended because I contemplated giving him more" and, again, "would've perhaps given more." The court added, "So I am completely comfortable with this sentence." In light of the sentencing court's clear indication that it was inclined to give petitioner a longer sentence rather than a shorter one, we conclude that there is no triable issue of fact as to whether that court would have imposed less than the total sentence of 180 months. Differently put, based on the record in the trial court, no reasonable juror could have found that petitioner might have left that courtroom with anything less than the state's recommended sentence of 180 months.

In sum, we conclude that there is no genuine dispute that the sentencing court could have and would have imposed the same 180-month sentence regardless of trial counsel's alleged error. Thus, because petitioner cannot meet his burden of proving that the alleged error prejudiced him, defendant is entitled to prevail as a matter of law. The post-conviction court did not err in granting defendant's motion for summary judgment and in denying petitioner's motion for summary judgment.

Affirmed.